CASE 33—ACTION BY HELEN SCHWABACHER AGAINST MARY MILLER, &C., TO FORECLOSE A MORTGAGE ON REAL ESTATE, OF WHICH W. S. MONTZ BECAME THE PURCHASER, AND FILED EXCEPTIONS TO THE SALE.—DEC. 9.

# Montz v. Schwabacher, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY BRANCH, FIRST DIVISION—SHACKELFORD MILLER, JUDGE.

FROM THE JUDGMENT CONFIRMING THE SALE MONTZ APPEALS. REVERSED.

DEATH OF DEFENDANT—REVIVOR—MORTGAGE FORECLOSURE—DEATH OF MORTGAGOR WITHOUT HEIRS OR KINDRED—PLEADING AND PROOF.

1. Where, after sale ,but before confirmation thereof, in an action for foreclosure of a mortgage, a defendant dies, revivor is properly of the action aaginst the heirs, under Civil Code of Practice, section 507, instead of the judgment, under section 407 (3).

2. The allegation of the petition in an action to foreclose a mortgage that the mortgagor, who had died, "left no heirs or kindred of any kind or degree" surviving her, and that the property descended under the statute to her husband, is sufficient; this not being a mere conclusion of law, and it not being necessary to state specifically that she left neither paternal nor maternal kindred.

3. The purchaser under mortgage foreclosure sale will not be required to take the title where the petition alleges that the mortgagor left no heirs or kindred, and that the property descended under the statute to her husband, but there was no proof of this, but mere default by defendants, and no proceedings were had under the statute against unknown heirs.

STROTHER & HARDIN, ATTORNEYS FOR APPELLANT.

## POINTS AND AUTHORITIES.

1. Where a defendant, owner of real estate, dies after a judgment enforcing a mortgage lien on same and sale has been made, but prior to confirmation, leaving infant children, a revivor of the action by consent of the infants' guardian, under section 507, Civil Code, is not a sufficient revivor of the judg-

Montz v. Schwabacher, &c.

ment to pass title of the infants under a commissioner's deed in said action. The revivor must be by rule or action, pursuant to subsections 3 and 4 of section 407 of the Civil Code. Civil Code, sec. 507; Civil Code, sec. 407, subsecs. 3 and 4; Hughes, &c. v. Shreve, &c., 3 Met., 547; Gray's Exr., &c. v. Patton's Admr., 3 Ky. Law Rep,, 393.

2. Where a married woman, owning real estate, mortgages same and subsequently dies intestate, and the husband takes possession of the property and subsequently dies intestate, leaving a wife, and a daughter by a former marriage, and where the mortgagee institutes his action against the surviving wife and daughter of the husband alone as sole owners of the property, and they permit judgment to go by default, the presumption of law that the deceased wife left heirs is not rebutted by a mere allegation in the petition that at the time of her death there survived her no heirs or kindred of any kind or degree, except her said husband, and that by virtue of the laws of Kentucky in such cases made and provided, the title to said lot or parcel of land became vested in fee simple in her said husband.

That such allegation is but a conclusion of the pleader and is not an allegation of fact, and it is not admitted by a failure to deny; that in this case the presumption of law is that the deceased wife left heirs and that said heirs should have been made defendants as unknown defendants; and a failure to do so renders the title of the purchaser herein uncertain and unmarketable and he should be released from his purchase. Amer. & Eng. Ency. of Law, vol. 22, p. 1291, title "Presumptions"; Bank of Louisville v. Board of Trustees of Public Schools, 83 Ky., 231; Montgomery v. White, &c., 10 Ky. Law Rep., 905; Nickell, &c. v. Fallen, 11 Ky. Law Rep., 621.

NORTON L. GOLDSMITH AND BENJAMIN F. WASHER, ATTORNEYS FOR APPELLEES.

1. To apply section 407, Civil Code, to cases where a revivor is asked, in order to have a confirmation of the sale, would not only fail in serving any reasonable or salutary purpose, but would work a pronounced injury to those interests which are to be protected. It is certainly not the law that a purchaser will be held in court twelve months and then forced to abide the terms of his purchase.

2. A petition which sets forth specifically that at the time of the death of said Eliza Miller there survived no heirs or kindred of any kind or degree except her husband; that by virtue

of the laws of Kentucky in such cases made and provided the title to the said lot became vested in fee simple in her said husband, Chess Miller, who survived her, is a sufficient allegation of heirship. Montgomery v. White, 10 Ky. Law Rep., 905.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—REVERSING.

On the 21st day of September, 1895, Eliza Miller and her husband, Chess Miller, executed a mortgage to Helen Schwabacher upon a small house and lot belonging to Eliza to secure the payment of a note for $250, which was executed for loaned money. On the 25th of February, 1897, Eliza Miller died intestate. Shortly after the death of Eliza, Chess Miller married again, and occupied the property with his third wife until his death, on the 19th of December, 1902. He was survived by his third wife and a daughter, Sallie Bethel, a daughter of his first wife, who was in no wise related to his second wife, Eliza Miller. After the death of Chess Miller, Helen Schwabacher brought this action against the surviving widow, Mary Miller, and the daughter, Sallie Bethel, and her husband, to collect her debt, and asked an enforcement of the mortgage lien which had been executed to her to secure its payment. In addition to the usual allegations of such petition, the plaintiff further alleged "that Eliza Miller left no heirs or kindred of any kind or degree surviving her, and that the property descended under the statute to her husband, Chess Miller." The defendants filed no answer, and in July, 1903, a judgment was rendered directing the sale of the property to secure the plaintiff's debt, and also several tax liens due the city of Louisville. At the sale which was made pursuant to this judgment, the appellant, W. S. Montz, bought the property at the price of $775. After the sale, but before the confirmation thereof, Sallie Bethel died, leaving surviving her four children. Her death was suggested, and motion made to revive the ac-

tion against her infant children. Shortly thereafter, Isham Miller qualified as guardian of the infants, and entered their appearance to the motion, and consented to a revivor. To all of which the purchaser, Montz, objected. The purchaser, Montz, thereupon filed in writing exceptions, based upon a number of grounds, to the confirmation of the sale, which were overruled, and the sale confirmed; and he has appealed, and asks a reversal, first, on the ground that the judgment was not properly revived against the infant heirs of Sallie Bethel; second, because the averments of the petition were not sufficiently full and definite to authorize the conclusion that the property owned by Eliza passed to her husband at her death, under the statute, and also for lack of proof to rebut the legal presumption of heirs.

In support of the first exception, our attention is called to the fact that the order was to revive the action against the real representative of the defendant, under section 507 of the Civil Code of Practice, whilst the contention is made that it should have been to revive the judgment under subsection 3, section 407, of the Civil Code of Practice. We can not agree with this contention. The judgment had been executed by a sale of the property, and the report of the master commissioner to the court, and no further step was to be taken under it. The question was as to the revivor of the action, and we think the order to revive the action was properly had, as directed by section 507 of the Civil Code of Practice.

The second exception raises a more serious question. The only claim of the defendants to the real estate left by Eliza Miller is as heirs at law of the husband, Chess Miller; and he did not inherit the property under the statute, except under the rare contingency that his deceased wife did not leave surviving her kindred in either paternal or maternal

line, however remote in degree such relationship may have been. The legal presumption is that every decedent has heirs, but this presumption may be rebutted either by a lapse of time accompanied by the nonappearance of heirs, or by proof of the fact. 22 A. & E. Ency. of Law, 1241. In the case at bar there is neither proof of the fact alleged, nor such lapse of time as would rebut this presumption. It rests alone upon the allegation of the petition that Eliza Miller left no heirs or kindred of any kind or degree surviving her. Whilst we can not agree with the contention of appellant that the form of the averment on this point as made in the petition is a mere legal conclusion, and that it is necessary to state specifically that Eliza Miller left neither paternal nor maternal kindred, this unsupported allegation is not sufficient to divest the heirs at law of Eliza Miller of title in the real estate left by her, in the event such person should hereafter assert title thereto. Neither of the defendants answered the petition, and the judgment of the sale went by default because it was plainly their interest that the averment of the petition should be taken as true. The only way in which a pur chaser of property situated as this is can be protected in his purchase is that the unknown heirs of the deceased wife should be proceeded against under the provision of the Civil Code. If these steps are properly taken, and a sale had, the purchaser would be protected, even in the event it should subsequently develop that the decedent was actually survived by kindred. And upon proper showing made by the defendant claimants that the deceased actually left neither paternal nor maternal kindred, the chancellor would be authorized to permit a withdrawal of any surplus funds which might be realized from the sale of the property to satisfy the mortgage of appellee.

For reasons indicated, the judgment is reversed and cause remanded, with instruction to sustain the exceptions of appellant to the confirmation of the sale, and for such additional proceedings as may be deemed necessary to conform to the suggestions made in this opinion.