## Croan v. Maraman's Guardian, et al.

(Decided May 2, 1912.)

### Appeal from Bullitt Circuit Court.

1. Wills.—Under a will by which the testator devised his land to his wife and son providing that if they both died before his son was 21 years old the property should go to his surviving partners, the two partners living at his death each take an interest which is not defeated by the death of one of them before the son.
2. Revivor—Sale.—When one of the parties in interest dies after judgment and before the sale, the action should be revived and a sale made without revivor will be set aside.

T. C. CARROLL for appellant.

CHAS. REISCH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—
Reversing.

On January 11, 1900, G. W. Simmons and wife conveyed to Maraman Brothers, a lot lying in the town of Shepherdsville, Ky. The firm of Maraman Brothers was composed of W. J. Maraman, Henry Maraman and Kate Wilson. W. J. Maraman died in June, 1904, leaving a will which was duly admitted to probate, and among other things provided as follows:

"I give, devise and bequeath all my real estate to my wife, Nora Maraman; and my son, Minor Maraman, share and share alike, but in the case of the marriage of my wife, then I direct that she take only her dower interest in my said real estate; but it is my will and desire, and I hereby direct that my son. Minor, shall be possessed of his interest in my said real estate devised to him as above and the portion coming to him in case of his mother's remarriage, in fee simple, with power to sell or devise in case he should live to the age

of 21 years. In the case of the death of both my wife, Nora Maraman, and my son, Minor Maraman before the latter reaches the age of 21 years. then I hereby will, devise and bequeath all my real estate to the surviving members of the firm of Maraman Brothers Company.''

After his death his widow, Nora Maraman. married John O'Connell, and so under the will was only entitled to her dower interest in the land, the fee being vested, subject to her dower interest in her son, Minor; but in the case of her death and her son's before he reached the age of twenty-one years, the property by the terms of the will went to the surviving members of the firm of Maraman Brothers. On June 20, 1910, H. L. Maraman and his wife and Kate Wilson and her husband, by deed conveyed their two-thirds interest in the property to C. L. Croan and W. L. Griffin. Griffin thereafter conveyed his interest to Croan, and Croan brought this suit to obtain a sale of the property and a division of the proceeds on the ground that the property was indivisible, without materially impairing its value. He made all the parties interested in the land defendants to the petition, and the case having been regularly submitted, a judgment was entered for a sale of the property. The sale was had. C. L. Croan became the purchaser of the property; he filed exceptions to the sale on the ground that Henry Maraman had died after the judgment was entered and before the day of sale, leaving surviving him a widow and infant child; and he prayed that the sale be set aside as they were not before the court. The court overruled the exceptions and confirmed the sale. Croan appeals in order to test the title to the property.

The case turns on the proper construction of the will of W. J. Maraman. Did he intend the property to pass at the death of his wife and son before the latter reached the age of 21 years, to the members of the firm of Maraman Brothers surviving at that time, or to the members of the firm surviving him? The purpose of all construction of wills is to arrive at the testator's intention. He had been in business with his brother and Mrs. Wilson, and this property had been conveyed to them as a firm. What he evidently had in mind was that if his son and wife both died before the son reached 21 years of age, the property was then to go to his brother

and Mrs. Wilson, who were associated with him in business, and were, from his standpoint, the surviving members of the firm. He had but two partners, and having these in mind, he devised the property, in case the defeasance occurred, "to the surviving members of the firm." He used no words showing an intention that if one of the partners should die, the survivor should take the whole estate. On the contrary, his language shows an intention to vest the property in the two partners equally. Section 4839, Kentucky Statutes, is as follows:

"A will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention shall appear by the will."

The law favors the vesting of estates, and a will must be so construed where, when read in the light of the circumstances surrounding the testator, this is its natural meaning.

Henry Maraman lived until the widow's life estate was terminated by her marriage. He was properly made a defendant to the action; for the son, Minor, had not become of age, and may yet die before he becomes of age; and his mother also in the meantime may die. Henry Maraman's death did not affect his interest in the property under the will, and at his death his interest passed to his widow and child. In Montz v. Schwabacher, 119 Ky., 256, it was held that where, after a sale but before confirmation, the defendant in the action dies, there must be a revivor against his heirs. The reason for the ruling is obvious. When the defendant dies, the judgment becomes dead as to him; he is no longer a party to the action. The order confirming the sale without a revivor against the heirs, is of no more validity than if their ancestor had not been made a party to the action in the first place. Upon the death of the ancestor, the title vested in the heirs, and they can only be divested of title in a proceeding to which they are made parties. On the facts shown, the court should have set aside the sale, and allowed the plaintiff to revive the action against the widow and child of Henry Maraman.

Judgment reversed and cause remanded for further proceedings consistent herewith.