**DOEKER et al.**

**v.**

**McKNIGHT et al.**

Court of Appeals of Kentucky.

Jan. 22, 1954.

Lorimer W. Scott, Norbert Bischoff, Newport, for appellants.

Carl H. Ebert, Newport, for appellees.

STEWART, Justice.

The sole question for decision on this appeal is whether the appellee, Catherine McKnight, formerly Catherine Miller, has established by the evidence adduced in the lower court that she is the only heir at law of her deceased husband, John Miller, pursuant to the provisions of KRS 391.010(5).

On March 4, 1953, appellant, Marilyn Doeker, entered into a written contract with appellees, Catherine McKnight and James Milton McKnight, her husband, for the purchase of certain improved real estate known as 16 Licking Place in the city of Newport for a consideration of $6,000. Although a deed of conveyance was tendered, appellant refused to accept it and pay the agreed purchase price until appellees established in them a clear title to the property.

John Miller, a citizen of Czechoslovakia, came to this country in 1911 at the age of eighteen and settled in Wilder, Kentucky. He obtained work with what is now the Newport Steel Corporation and remained in the employment of this company until his death in 1938. At the time of his decease, and he died intestate, Miller owned a house and certain lots, the title to which is the subject of the present litigation. Appellee, Catherine McKnight, married Miller in 1927. No children were born of this union. After his death the widow of Miller continued to live in the house in question, keeping it in repair, paying all taxes on the property and exercising full and open control over the property. In 1940, she married appellee, James Milton McKnight. In 1942, appellees executed a deed at Newport, conveying the property to Florence M. Bohnenkamper. On the same date the property was reconveyed to appellees as tenants by the entirety. Appellees have occupied the house to this day.

This suit for a declaration of rights was filed by the McKnights against Marilyn Doeker and a warning order attorney was appointed to notify the heirs at law of John Miller, if any, of the pendency of the action. No heirs having been found, the unknown heirs were made parties defendant. It was adjudged by the lower court that appellee, Catherine McKnight, had, upon the death of John Miller in 1938, acquired all right, title and interest in the property by reason of the operation of the laws of descent and distribution. Appellant was ordered to accept the deed tendered and pay the consideration. This appeal challenges the correctness of the judgment.

KRS 391.010(5) provides that where there is neither paternal nor maternal kindred, the whole title to real estate shall go to the husband or wife of the intestate; or, if the husband or wife is dead, to the kindred of the husband or wife, as if he or she had survived the intestate and died entitled to the estate.

There being no disagreement as to the applicable law, the only question to be determined is in the field of evidence; and the one issue raised is: Have appellees successfully rebutted the presumption of heirship? In a case such as this, we must take into consideration the fact that lack of heirship necessitates proof of a negative character and we must also recognize the realities with respect to the availability of proof.

Appellees introduced the testimony of three witnesses besides themselves. One of these persons, Bernadina Kovacik, was born in Czechoslovakia in the same area from whence Miller had come. She immigrated to this country in 1920 and located at Wilder, where she was a next-door neighbor to Miller. She and Miller, speaking the same language, conversed with each other often and at length during his lifetime. Another who also testified for appellees was Bernadina Kovacik's son, Anthony, who stated that since he was six years of age he had known Miller and he had heard the latter discuss his forebears and relatives. The third witness was George Koenig, Miller's paymaster during almost the whole time he worked for the steel corporation. He stated he was intimate with Miller and talked with the deceased on many occasions.

It was brought out by the testimony of the foregoing witnesses that Miller's father and mother had passed away in the old country when he was eight or nine years old. According to them, he always referred to himself as an orphan and, on numerous occasions, they had heard him state he had no living kin of any degree, either in the United States or elsewhere. Nor had Miller, to their knowledge, ever done anything which would have indicated he had any paternal or maternal kindred, such as send money to or correspond with any other person. Miller always insisted that all his relatives were dead, they all testified. It was also brought out that Miller had been dead more than fifteen years and, during this period of time, no one had made claim to the property in litigation. No witnesses were introduced by appellant nor was any other evidence submitted to contravene appellees' proof.

In the case of Montz v. Schwabacher, 119 Ky. 256, 83 S.W. 569, 570, 26 Ky.Law Rep., 1214, we reiterated the well-established rule in this jurisdiction that there is a presumption that every deceased person leaves heirs at law capable of inheriting, but we also stated therein that such a presumption may be overcome by

proof of "a lapse of time accompanied by the nonappearance of heirs" or by direct evidence of the nonexistence of heirs. Appellees have successfully met both conditions, because, first, Catherine McKnight has treated this property for fifteen years as her own and during that time no one has disputed her right to possession or title and because, next, they had shown by direct and uncontradicted evidence that Miller left no heirs at law other than his widow. We conclude, as did the Chancellor, that appellees have a fee-simple title to the property in controversy.

Wherefore, the judgment is affirmed.