**Catherine DAVIS' ADMINISTRATOR (Louis W. Cook, Jr.), etc., Appellants.**

**v.**

**Martha Davis CHASTEEN et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 3, 1954.

Henry J. Cook, Lawrence V. Drahman, Newport, for appellants.

Lorimer W. Scott, Newport, for appellees.

MOREMEN, Justice.

The questions for decision here are: (1) Have the appellees established by sufficient evidence that they are the only heirs at law of Catherine Davis, deceased, and entitled to inherit her estate under KRS 391.010, and particularly that part of subsection (5) which provides: "If there is neither paternal nor maternal kindred, the whole shall go to the husband or wife of the intestate; or, if the husband or wife is dead, to the kindred of the husband or wife, as if he or she had survived the intestate and died entitled to the estate"? (2) Are sections 4.11 and 4.12 of the Civil Rules applicable to a suit of this nature?

Benjamin Davis died testate on the 11th day of June, 1953, and bequeathed all his estate to his widow, Catherine Davis. Mr. and Mrs. Davis were the joint owners of a residence in Ft. Thomas under a deed which contained a survivorship clause. Therefore, in due time the title to all his estate passed to his widow, Catherine Davis, or to her representative. On June 23, 1953,

Catherine Davis died intestate. Louis W. Cook, Jr., one of the appellants, had qualified as administrator, with will annexed, of the estate of Benjamin Davis, and he likewise qualified as administrator of the estate of Catherine Davis. The heirs at law of Benjamin Davis (who consisted of two sisters and various nieces and nephews) claimed the estate under the authority of KRS 391.010, on the ground that said Catherine Davis had no maternal nor paternal kindred of any degree alive at the time of her death. Thereupon, appellant, Louis W. Cook, Jr., filed complaint for a declaration of rights. The appellees, heirs of Benjamin Davis, were made parties, as were the unknown heirs at law of Catherine Davis, and a warning order attorney was appointed.

The circuit court was of opinion that appellees had established their case and entered judgment declaring them to be the sole heirs of Catherine Davis, deceased.

We have held that there is a presumption that every deceased person leaves heirs at law capable of inheriting. We have also held that this presumption may be overcome by proof of the lapse of time accompanied by nonappearance of heirs or by direct evidence of their nonexistence. Montz v. Schwabacher, 119 Ky. 256, 83 S.W. 569; Doeker v. McKnight, Ky., 264 S.W.2d 78.

 We believe the chancellor properly decreed that appellees had met the proof required in cases of this character. We are particularly impressed by the testimony of appellant, Louis W. Cook, Jr., who had known Catherine Davis for about forty-six years before her death and he seemed to be convinced by information obtained through this long association that appellees were the only heirs. He stated that he refused to distribute the estate because he had been advised by counsel that a lawsuit was proper. The several other witnesses appeared to be familiar with the history of Catherine Davis and her family, and their proof is convincing. It is true as appellant contends that their testimony, to a certain extent, was based on hearsay, but this argument overlooks that a time-honored exception to the hearsay rule exists in respect of proof of matters of family history, relationship and pedigree. Evidence of this character is admitted because it is the best obtainable under the circumstances, and greater evils result from the rejection of such proof than from its admission. See Am.Jur. Section 468; Wigmore on Evidence, Section 1480 et seq. The warning order attorney, who actively participated in the case, reported that he had made a diligent search to find other heirs of Catherine Davis, but was unable to do so. We believe the findings of the chancellor are amply supported by competent evidence.

We agree with appellant that the procedures outlined in CR 4.11 and 4.12 pertaining tto the execution of bond before judgment in cases where defendants are constructively summoned and to control of the property by the court if a bond is not given are applicable to a case of this nature. Upon return of this case to the circuit court, appropriate protection should be given by the court.

Judgment affirmed.