**NEWPORT NATIONAL BANK, Appellant,**

v.

**John P. FICK et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 12, 1956.

Lorimer W. Scott, Newport, for appellant.

Carl H. Ebert, Russell L. Howard, Newport, for appellees.

CULLEN, Commissioner.

This action was instituted by the appellant, the Newport National Bank, as the administrator of the estate of Norine Fick, seeking a declaratory judgment determining who were the heirs of Mrs. Fick.

Edward Fick and Norine Fick were married in 1918 and lived together until his death in 1950. Edward Fick devised all of his estate to his wife, Norine. She died intestate in 1951. It was the judgment of the lower court that Norine had no living kindred and that the estate passed to Addie K. Fick, wife and sole devisee of Edward Fick's brother, John. From this judgment the Newport National Bank has appealed.

KRS 391.010(5) provides, "If there is neither paternal nor maternal kindred, the whole shall go to the husband or wife of the intestate; or, if the husband or wife is dead, to the kindred of the husband or wife, as if he or she had survived the intestate and died entitled to the estate."

█ There is a legal presumption that every decedent has heirs, but the presumption may be rebutted either by lapse of time, accompanied by non-appearance of heirs, or by proof of the nonexistence of heirs. Montz v. Schwabacker, 1904, 119 Ky. 256, 83 S.W. 569, 26 Ky.Law Rep. 1214; Doeker v. McKnight, Ky.1954, 264 S.W.2d 78. The only question before us is whether there was sufficient evidence to rebut the presumption that Norine Fick died leaving heirs.

It was the uncontroverted testimony of three witnesses that Edward and Norine Fick had no issue. Norine was predeceased by her mother, father, brother and two sisters. One of her sisters had been married, but there had been no issue from this marriage. Although it was not shown that Norine, who died at the age of 77, had any aunts, uncles or cousins, the witnesses testified that to their knowledge Norine Fick had no surviving paternal or maternal kindred.

█ The testimony of Lorimer W. Scott, Edward Fick's attorney and friend of some 30 years, and John Edward Fick, his nephew, was chiefly hearsay. However, it was admissible under the well established exception to the hearsay rule, concerning matters of family history, relationships and pedigree. Davis' Adm'r v. Chasteen, Ky., 273 S.W.2d 368; Am.Jur., Evidence, sec. 468; Wigmore, Evidence, sec. 1480.

The third witness was an employee of the W. C. Cox Company, which had been engaged, at considerable expense to the estate, to locate the heirs of Norine Fick. In conjunction with his testimony the death certificates of Norine's mother, brother and two sisters were introduced. An effort was made to locate other paternal and maternal kindred, but none were discovered. It was the opinion of this probate genealogist that Norine Fick had no heirs other than those who would take through her predeceased husband.

Testimony was also introduced to show that John P. Fick, who died after this action was commenced, was the sole heir of Edward, and under John P. Fick's will his wife, Addie K. Fick, was his sole devisee.

█ We believe that in light of the realities with respect to the availability of proof in an action of this type the evidence was sufficient to support the judgment of the lower court.

The judgment is affirmed.