## May v. Bank of Hardinsburg & Trust Company.

(Decided October 22, 1912.)

Appeal from Breckinridge Circuit Court.

Children—Woman Seventy Years Old Deemed Capable of Bearing—
  Estates.—A woman seventy years old is deemed in law capable
  of bearing children and an estate will not be distributed before
  her death on the ground that it is impossible that she should
  have other children.

O. H. POLLARD, V. G. BABBAGE for appellant.

CLAUDE MERCER for appellee.

Opinion of the Court by Chief Justice Hobson—
Affirming.

The sixteenth clause of the will of Fred Walter is in these words:

"The residue of my estate I desire my executor to invest in sound securities, the interest on same to be paid to my sister, Elizabeth May, during her life; after her death the said sum to pass to her children, but to be held in trust by my executors for their benefit, and the interest only paid to them until they shall respectively arrive at the age of twenty-five years, if males; if females, when they respectively marry, at which time the

whole shall be paid over to them, each enjoying and receiving an equal share.''

When Mrs. May was sixty-three years old she instituted a proceeding to have the trustee discharged, alleging, in substance, that she had passed the period for bearing children. Her children were all of age and united with her in that application; this court refused to discharge the trust. It said: ''But while it may be true that Mrs. May had reached that age (sixty-three years), where the probability of her having other children is extremely remote, it is not impossible that she might have others; at least we cannot say that such a contingency is impossible. That being true, it is the duty of the trustees to hold and manage the trust property, not only for the benefit of the present beneficiaries, but also in trust for any child who may yet be born. This is especially important, as by the will the property has all been invested in securities, which, probably, pass by delivery, and to turn them over to Mrs. May, or her present children, would at least, make it impossible that any after-born children could be provided for.''

Several years after that proceeding was dismissed Mrs. May instituted this proceeding for the same purpose, her children, as before, uniting with her. In this proceeding they show that she is seventy years old and has some infirmities not uncommon to old ladies of that age. Two doctors who have examined her testify, in substance, that considering her infirmities they do not think it is possible that she shall hereafter bear children. The circuit court dismissed the petition and she appeals.

The only practical difference between the case now before us and that which was before us on the former appeal is that Mrs. May is now seven years older. She was sixty-three then; she is seventy now. The probability of her having children is, of course, less now than it was then. It may be very improbable that Mrs. May will have other children, but it is not a legal impossibility. Under the common law which is in force in Kentucky, men and women are regarded capable of having children as long as they live. ''For that the law seeth no impossibility of having children.'' Coke on Littleton, 28. ''A possibility of issue is always supposed to exist in law unless extinguished by the death of the parties, even though the donees be each of them an hundred years old.'' (2 Blackstone, Com. side page 125.) Following the above

authorities the Supreme Court of Pennsylvania in List v. Rodney, 83 Pa., 492, where the woman was seventy-five years old, said:

- "Whether the rule rests upon the indelicacy of the acts to which such an inquiry might lead, or to the great uncertainty of arriving at an accurate conclusion, we know not; but certain it is, the rule has .stood the test of time, and received the sanction of ages. No case has been cited showing that it has ever before been questioned in Pennsylvania. Nature has fixed no certain age, by .years, at which child bearing capacity shall begin or end. Any conjecture based on age is too doubtful and uncertain to result in any reliable conclusion. It was well said in Jee v. Audley, 1 Cox, 324, 'If this can be done in one case it may in another, and it is a very dangerous experiment, and indicative of the greatest inconvenience to give latitude to such sort of conjecture.' "

To the same effect see Apgar's case, 37 N. J. Eq., 501; Flora v. Anderson, 67 Fed., 182; Hill v. Spencer, 196 Ill., 65. To rule otherwise would be to invite a succession of suits to distribute the estate; for as no exact standard except death, may be established, if each case is to turn on its own facts, new suits may be brought from year to year, as the health of the life tenant may change. Thus the estate will be frittered away in.costs; the trustee will be unable to manage it intelligently and the purpose of the testator may in a large measure be defeated.

Judgment affirmed.