### Rand, et al. v. Smith.

(Deided May 2, 1913.)

Appeal from Fayette Circuit Court.

1.  Wills—Construction of Will—Defeasible Fee.—The testator by his will devised his property to his daughter, Fannie, for life and directed that at her death, it should go to his grandchildren in fee

simple, the children of his daughter, Fannie, should she have any, and the children of a deceased daughter; and that if any of the grandchildren died before his daughter Fannie, leaving a child or children, said child or children should have their parent's share. Held, that the grandchildren under the devise took a defeasible fee which is subject to be defeated by their death before the daughter, Fannie.

2. Children—How Long Possible in Law to Have.—A person is in law held possible to have children as long as he lives.

J. T. FARMER for appellants.

WARREN SMITH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Joseph Rand had two children, Amanda R. Smith, and Fanny S. Rand, who was unmarried and lived with him. His daughter, Mrs. Smith, died leaving three infant children, whom she gave to her sister on her death bed, and her sister took them to her home and raised them. In this condition of the family, Joseph S. Rand made the following will and codicil:

"I, Joseph Rand, of Lexington, Ky., do make and publish this my last will and testament, hereby revoking all wills and codicils heretofore made by me.

"After the payment of my just debts and funeral expenses, I will and bequeath to my beloved daughter, Fannie S. Rand, all my real estate, for and during her natural life. At her death, the three houses and lots I own, situated on East Sixth Street, Lexington, Ky., Nos. 154-158 and 162, and the three houses and lots I own situated on Rand Avenue, in said City of Lexington, Ky., Nos. 155-159 and 163, to go to my grandchildren, in fee simple the children of my daughter, Fannie S. Rand, should she have any, and the children of my deceased daughter, Amanda R. Smith. Should any of my grandchildren die before my daughter, Fannie S. Rand and leave a child or children, said child or children to have their parent's share.

"I will and bequeath to my beloved daughter, Fannie S. Rand, all my personal estate, to dispose of as she may see fit, but whatever portion of said personal estate she may fail to dispose of by will or otherwise, during her life, shall be equally divided among my grandchildren, then living. And dispensing with any settlement in any court, I hereby appoint my daughter, Fannie S. Rand,

my executor, and request that no security be required from her, in that capacity.

"Witness my hand, this 27th day of January, 1899.

"JOSEPH RAND."

"This codicil written by my own hand, this 14th day of March, 1903. Should circumstances be such that my daughter, Fannie S. Rand, would not be able to support herself and my grandchildren on the income from the rents and keep the property in fair repair, she is authorized to sell, or otherwise raise money on the property, to take care of them.

"Signed, JOSEPH RAND."

The three grandchildren are now of age and two of them are married. The daughter, Fannie S. Rand is sixty-three years of age and unmarried. She and two of the grandchildren brought this suit against the third, alleging the facts above stated, and asking that one of the lots named in the will be sold on the ground that this was necessary for her support and to pay certain assessments made upon the property by the city of Lexington for street improvements. In the second paragraph of the petition, they prayed a construction of the will charging that under it the testator intended to devise to each of the three grandchildren a fee simple estate in the real property, subject to the life estate of Miss Fannie S. Rand. The circuit court on final hearing directed a sale of the lot as prayed in the petition and also adjudged that under the will the three grandchildren took the estate in fee simple subject to the life estate of Miss Fannie S. Rand. The appeal before us is prosecuted from that judgment.

The proof shows that the sale of the house and lot was necessary. The income from the property is small; the assessment must be paid; Miss Rand is in infirm health, and needs medical attention. The court therefore properly ordered the lot sold, and this part of the judgment is affirmed.

The other part of the judgment presents a question of more difficulty. It will be observed that by the will the property is bequeathed to Fannie S. Rand during her natural life and at her death "to go to my grandchildren in fee simple, the children of my daughter, Fannie S. Rand, should she have any, and the children of my deceased daughter, Amanda R. Smith. Should any of my grandchildren die before my daughter, Fannie S. Rand, and leave a child or children, said child or children to

have their parent's share." It will thus be observed that the devise over after the death of Fannie S. Rand is not only to the three grandchildren now in being but also to the children of Fannie S. Rand, should she have any, and that should any of his grandchildren die before his daughter, Fannie, and leave a child or children, such child or children are to have their parents' share. If either of the three grandchildren now in existence shall die before Miss Rand, leaving child or children, the rights of such child or children, will not be affected by any disposition the parent may have made of the estate; for in that event such child or children will take the property under the will and not as heir of its parent. (Harvey v. Bell, 118 Ky., 52; Simpson v. Adams, 127 Ky., 790; Schneider v. Holzhauser, 134 Ky., 33; Reuling v. Reuling, 137 Ky., 637; Campbell v. Simons, 138 Ky., 302; Smout v. Kirk, 104 S. W., 716; Bradshaw v. Williams, 140 Ky., 160).

Men and women are presumed capable of having children as long as they live and this presumption in a case like .this may not be rebutted by evidence. (May v. Bank of Hardinsburg, 150 Ky., 136). Although Miss Fannie Rand is now sixty three years of age and unmarried, the law does not contemplate. the impossibility of her having children. We therefore conclude that the circuit court erred in holding that the three grandchildren have an absolute estate in the property.

The judgment so holding is reversed and cause remanded for further proceedings consistent herewith.