## Quigley's Trustee v. Quigley, et aL

(Decided November 18, 1914.)

### Appeal from Jefferson Circuit Court
### (Chancery Branch, Second Division).

1. Wills—Construction.—A construction of a will in a suit between all the parties interested by this court will be adhered to though this court would not so adjudge if the question was now presented for the first time.
2. Wills—Construction.—Under a devise of property in trust for A and B and the heirs of their body, the testator using the words heirs of the body in the sense of children, the trustee has active duties to perform and the trustee will not be discharged in the lifetime of A and B.
3. Children—Presumption.—Men and women are presumed capable of having children as long as they live.

ARTHUR M. RUTLEDGE for appellant.

PERCY N. BOOTH for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Thomas Quigley died testate in the year 1863, his will being duly admitted to probate in 1864. By the

fourth clause of it he devised certain property to a trustee in trust, among others, for Laura Bell Quigley and Harriet Eliza Quigley, two of his daughters. They brought this action to discharge the trustee on the ground that the will creates a dry trust. The trustee demurred to the petition, and his demurrer being overruled, judgment was entered as prayed, discharging the trustee. He appeals.

The case turns on the proper construction of the third and fourth clauses of the will, which are as follows:

"I have given and advanced to each of my six oldest children, that is to Mary A. Morton, ten thousand dollars in trust to her husband for her use, and to E. P. Quigley in trust for the use of his sisters Laura Bell, Harriet Eliza, Eugenia Thomas, and Ellen each ten thousand, and to the said Edward P. Quigley, for himself, ten thousand dollars, and wishing to make all my children equal participants of my estate, I do hereby give, and bequeath to the said Edward P. Quigley as trustee in trust ten thousand dollars, each to my remaining three children that is to say Cora, Lucien and Eva out of any bank stocks or railroad bonds or other good securities that may be held and owned by me at the time of my death, or in case I do not die possessed with sufficient bonds and stocks on hand to meet this bequeath, the deficit to be made up by the purchase of good securities by the said trustee with any money on hand at my death or received thereafter (after providing the bequest to my wife in Item first); this bequest to my son, Lucien to be paid over to him on his arriving at twenty-one years of age in case his brother may think him competent to manage the same otherwise the said trustee is to continue to hold and manage the trust fund the annual interest and profits to be paid to him and his sisters as received from time to time. The trust fund for my daughters Cora and Eva to be held for them, and in case of their death, without children or heirs of their body to revert to my estate, but in case of either having a child or children at their death, then the fund to be held in trust as above for such child or children and the said trustee shall have power to appoint his successor, by the consent in writing of the sister for whom it is held.

"Item Fourth. I do hereby give and bequeath to Edward P. Quigley and Hector V. Loving, the balance

of my estate as trustees in trust, of whatever that estate may consist, whether real estate, personal or mixed including all the land, houses, lots, &c., not herein previously disposed of, including the property held in trust for my wife, Eliza M. Quigley at her death then said estate to be disposed of when the said trustees or the survivor of them may deem most advisable, and one-ninth part as received or realized to be paid over to my son the said Edward P. Quigley, and the residue as received to be invested in good safe securities for the benefit of my remaining children, and held in trust by said trustees for them and the heirs of their body, as provided in the former items of this will, except the moiety belonging to and going to my son Lucien, which is to be paid to him upon his arriving at twenty-one years of age provided the said trustees shall think him fit or competent to manage the same, otherwise the said trustees are still to hold it in trust for him, the annual dividend interest, &c., as received, to be paid over to my said children; and the said trustees may appoint at their pleasure, with the consent in writing of the person for whose benefit the fund is held, their successor or successors.''

Eva Quigley died shortly after her father, unmarried and childless in infancy; after her death a suit was brought to obtain a construction of the will; a judgment was entered in the circuit court construing the will; an appeal was taken to this court; the opinion of this court delivered January 8, 1868, is in these words:

''This action was brought to have the will of the late Thomas Quigley construed; and whether or not the chancellor properly construed the instrument, especially as to how the portion of the estate bequeathed to Eva, daughter of testator, who died in infancy, and childless, passed, are the only questions presented in this record.

''After, in the third clause of his will, giving to his three children, Eva, Cora and Lucien, $10,000 each, the legacies to Eva and Cora to be held in trust for the use of the beneficiaries, the testator declares that the trust fund for his said daughters in case of their death without children, or heirs of their body, shall ''revert back'' to his estate, &c. From this language it seems clear that the testator intended that upon the death of either of said daughters, a contingency which has happened, the

bequest to her would fall back to his estate and pass to his heirs and distributees, free from any trust whatever; it would therefore go to the brothers and sisters of Eva, and to the children of such as were dead, the children of a deceased brother or sister taking the share that their parent if living, would have taken, and as it passed as a part of the estate of the testator, undisposed of after the lapse, it was a fund for distribution under the law, and the widow of the testator is entitled to her distributive share under the statute.

"As to the beneficial interest in the estate of the testator which Eva took under the fourth clause of the will there is no provision that upon her death in infancy and childless it should revert back to the estate of the testator; consequently that interest upon her death passed by descent to her *heirs and distributees,* of whom under the statute of descents her mother is one; that part to be held by the trustee, and the profits thereof to be paid over as provided in said fourth clause of the will.

"As to the one-ninth of the estate which passed under the fourth clause of the will to E. P. Quigley, as the whole is to be converted into personal estate it must be regarded as personalty, and the widow of E. P. Quigley is entitled to one-third thereof, as the same may be realized, and made ready for distribution as provided for under said fourth clause; but as Eva Quigley died since E. P. Quigley's death, his widow can take no interest in the estate devised to *Eva.*

"Wherefore, as the decree of the chancellor does not in all respects conform to this view of the case, the same is reversed, and the cause remanded with directions to render a decree in conformity to this opinion."

This construction of the will having been made in a suit between all parties in interest is conclusive of their rights and must be followed by this court, although it might be of opinion that the will should have been differently construed; (Fisher v. Lott, 110 S. W., 822; South v. Thomas, 7 T. B. Mon., 59), but it will be observed that the question before the court in that case was as to the rights of the parties under the will in the property devised to Eva by the fourth clause of the will after her death without issue; that is not this case. Laura Bell Quigley and Harriet Eliza Quigley are both living. If one of these should die without issue that opinion would be conclusive as to the distribution of the estate received by her under the fourth clause of the will; but

that opinion did not determine the rights of the daughters in this property while living, and this is the question to be determined here.

By the third clause of the will it is recited certain property has been advanced among others in trust for Laura Bell Quigley and Harriet Eliza Quigley and by the fourth clause the residue of the estate is to be "held in trust by said trustees for them and the heirs of their body as provided in the former item of the will." In the former item of the will the testator used also the words "child or children," and thus shows that he used the words "heirs of their body" in the sense of children. He did not intend to create an estate tail, but intended that his estate should go to the children on the death of the devisee. This court held in the case referred to that there was no provision that upon Eva's death without children the estate devised to her under the fourth clause of the will should revert back to the estate, and this construction applies equally to the other daughters. But as long as any of the devisees live the estate devised by the fourth clause must under the will be held by the trustee in trust for the devisees and the heirs of their body or their children. If the devisee dies leaving children, such children will take the property devised under the will. If the devisee dies without children it passes from the devisee by descent as held in that case. But the trustee cannot be discharged in the lifetime of the devisee, for he has active duties to perform in preserving the estate for the children in case the devisee dies leaving children.

While neither Laura Bell Quigley nor Harriet Eliza Quigley have children, the law conclusively presumes men and women capable of having children as long as they live. (May v. Bank of Hardinsburg, 150 Ky., 136; Rand v. Smith, 153 Ky., 561.) The trust is therefore an active trust and the trustee cannot be discharged.

Judgment reversed and cause remanded for further proceedings consistent herewith.