### Quigley's Trustee v. Quigley, et al.

(Decided February 12, 1915.)

Appeal from Jefferson Circuit Court
(Chancery Branch, No. 2).

ARTHUR M. RUTLEDGE for appellant.

PERCY N. BOOTH for appellees.

RESPONSE BY JUDGE SETTLE TO PETITION FOR REHEARING—Extending opinion in 161 Ky., 85, and overruling petition.

The appellees have filed a petition for rehearing in this case, in which we are asked, if the rehearing be not granted, to modify or extend the opinion in respect to its statement as to the disposition to be made after the death of Laura Bell Quigley and Harriet Eliza Quigley of the estate devised them by the will of their father, Thomas Quigley, it being complained that the opinion apparently conveys the meaning that the devisees named are without power to dispose of the property by will if they die without children. That part of the opinion objected to is found in the following sentence:

"If the devisee dies without children it (the property devised) passes from the devisee *by descent,* as held in that case (the Eva Quigley case)."

It is needless to say what meaning might be given the above excerpt from the opinion standing alone. Considered, however, with other parts of the opinion, we do not think it susceptible of the meaning suggested by appellees' counsel. At any rate, it was not intended to be so understood. The meaning of the expression referred to, and of the opinion as a whole, is, that the appellees, Laura Bell Quigley and Harriet Eliza Quigley, have under the will of their father, Thomas Quigley, a defeasible fee in the property devised them by the fourth clause thereof, but that the defeasance can only result from the birth of a child or children surviving them; therefore, "if the devisee dies without children, it (the property devised) passes by descent," provided the devisee does not dispose of it by will, which she may do. In other words, the intestacy of the devisee, dying childless, would enable the property to pass by descent.

Conceiving that this extension of the opinion will relieve it of the ambiguity complained of, and no sufficient reason being shown for the rehearing asked by appellees, the petition therefor is overruled.