REEVES v. SIMPSON et al. (No. 6995.)

(Court of Civil Appeals of Texas. Galveston. Nov. 24, 1915. Rehearing Denied Dec. 23, 1915.)

1. WILLS ⬥➔608 — CONSTRUCTION — ESTATES CREATED—RULE IN SHELLEY'S CASE.

Where the testator devises a life estate in lands to his son and the remainder to his heirs, and his heirs predecease the devisee, the life tenant takes the fee under the rule in Shelley's Case.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1372–1378; Dec. Dig. ⬥➔608.]

2. WILLS ⬥➔682 — CONSTRUCTION — ESTATES CREATED—TRUSTS.

A will devising lands to trustees to control and manage the property and to pay the income for the support of a son and his family, the remainder on his death to his heirs does not create a life estate in the son, but he is only a beneficiary of the trust.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1602, 1607–1611; Dec. Dig. ⬥➔682.]

3. TRUSTS ⬥➔114—EXECUTED TRUSTS.

In such case, where the will provided that the devise should be used for the benefit of all children lawfully born to the son, the trust was not executed; no time being stated for the ascertainment of the children of the class.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 164; Dec. Dig. ⬥➔114.]

4. EVIDENCE ⬥➔58 — PRESUMPTIONS — POSSIBILITY OF ISSUE.

In ascertaining when children of a class not otherwise determined shall be ascertained, it is presumed, under the common law, that a man or woman is capable of having issue until his death.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 80; Dec. Dig. ⬥➔58.]

Appeal from District Court, Burleson County; Ed. R. Sinks, Judge.

Action by J. H. Reeves against P. H. Simpson and another, as substitute trustees, and others. From a judgment for defendants, plaintiff appeals. Affirmed.

Garrett & Gerland, of Caldwell, and Wallace & Moore, of Cameron, for appellant. C. S. Williams and R. J. Alexander, both of Caldwell, for appellees.

PLEASANTS, C. J. This suit was brought by appellant against appellees P. H. Simpson and W. E. Simpson, substitute trustees under the will of Edward Reeves, deceased, and Lula J. Cromartie, a sister of appellant, and her husband, Neil J. Cromartie, D. E. Reeves, a brother, and Annie Hollingsworth, a sister of appellant, each of whom is a devisee and legatee under said will. The purpose of the suit was to have the will construed as giving appellant a fee-simple title in one-fifth of the estate of the testator.

The record discloses the following facts: Edward Reeves died testate in Burleson county, Tex., in July, 1900, leaving five children, Mrs. Lula J. Cromartie, D. E. Reeves, J. H. Reeves, plaintiff, Mrs. Annie Hollingsworth, and Xemines Reeves, as his only heirs at law. Xemines Reeves died during the pendency of this suit intestate and without issue. Edward Reeves' will was duly probated in Burleson county, Tex., on the ——— day of September, 1900, and in accordance with the will the estate of said Reeves was partitioned, and the land described in plaintiff's petition was awarded to the trustees named in said will as trustees of the plaintiff. Plaintiff's wife, Ethel, died in 1899, before the testator, Edward Reeves, and the only child of his marriage died in infancy before the death of its mother. The plaintiff married Mattie Wheeler on May 13, 1900, and she was his wife and living with him at the death of the testator; plaintiff and said Mattie Wheeler were divorced in 1903. The plaintiff now has no living wife, and has no living children and no descendents of living children, and plaintiff's heirs at law are the defendants Mrs. Lula J. Cromartie, D. E. Reeves, and Mrs. Annie Hollingsworth. The trustees named in the will, viz., A. W. McIver and Emmett B. Bell, are deceased, and the defendants P. H. Simpson and W. E. Simpson have been appointed trustees by the court in the manner provided in the will. At the time of the making of the will and before, the plaintiff was of extravagant and dissolute habits and had made away with all property inherited from his mother's estate and also from his grandfather's estate, and' all property given him by his father, the testator; that such extravagant habits were well known to his father before and at the time of making the will. The estates inherited by plaintiff as aforesaid were small and were expended by plaintiff prior to the making of the will by the testator. ·

The following is a copy of so much of the will as relates to the points at issue:

"Item III. I will and bequeath the residue of my estate, after paying my debts and giving the piano to my daughter, Annie Reeves, as follows: To my daughter Lula J. Cromartie, wife of Neil Cromartie, subject to the limitations below named, one-fifth part of my said estate, but with the exceptions and reservations, that she shall not be permitted to sell any part of the lands which she may receive, in the partition of my estate, but she may receive and enjoy the rents and revenues arising from said lands during her natural life and at her death the same to pass to her children; to my son David E. Reeves one-fifth part, to my daughter Annie Reeves one-fifth part and to my son Xemines Reeves one-fifth part, and to A. W. McIver and Emmett B. Bell as trustees for my son James Henry Reeves, and his wife and such children as may lawfully born unto my said son James Henry Reeves, one-fifth part to be held and used by them as hereinafter directed in this will, and direct that in the partition of my estate that each receive an equal share of land and personal property or as nearly so as is practicable.

"Item IV. It is my will that all of my personal property, except notes and accounts, be sold by my executors hereinafter named, as soon aft-

er my death as is practicable, and that the same be sold for cash, or on credits as to my executors may seem best, and in case they sell on a credit that they take notes with approved securities for the purchase money therefor.

"Item V. I direct that the said A. W. McIver and Emmett B. Bell, as trustees for my son James Henry and his wife Ethel, and such children as may be lawfully born unto him, shall manage and control the one-fifth part willed to them as trustees as aforesaid, as follows: They shall invest what money they may so receive, over and above a reasonable support to the parties above provided for, in good interest-bearing notes, secured by vendor's lien on land, or a deed of trust on ample real estate, with the highest legal rate of interest they can get therefor; to manage and control the land and such other property as may be set apart to them as such trustees in the partition of my estate, in such manner as may seem best to them for their said trust estate, to rent or lease the land of said estate; and out of the rents and revenues arising from said trust estate, by way of interest or otherwise to allow to the said James Henry Reeves, and his wife Ethel, as long as she may be the wife or widow of said James Henry Reeves and to such children as may be lawfully born unto said James Henry Reeves, a reasonable support. In case the said Ethel shall be divorced from the said James Henry Reeves, or in case she shall after his death marry again, then she is to receive no further support or allowance from said trust estate. In case of the death of my said son James Henry Reeves, then the one-fifth part willed in trust for him and his wife and children or as much thereof as may be left thereof shall pass and descend to his lawful heirs saving such part however as may be sufficient to support and maintain the said Ethel Reeves, should she under the provisions of this will be entitled to receive the same. In case of death or refusal to act of either said trustees, then the district court of Burleson county, Texas, shall appoint a substitute or substitutes for said trustees and in case of the death of either or both of the substitute trustees of the said court shall appoint another substitute or substitutes, as the case may be, the power to appoint to continue as long as the said James Henry Reeves may live; it being my intention to at all times have two trustees for said estate. Said trustees to have reasonable compensation for managing said trust estate."

[1] Under appropriate assignments, appellant contends that, his wife and child having died before the death of the testator, the bequest as to them lapsed, and that the devise to him being in effect a devise for life with remainder to his heirs, under the rule in Shelley's Case, he took a fee-simple title, and that the trial court erred in not so holding.

If, as contended by appellant, the will should be construed as giving him a life estate in the lands thereby divided with remainder to his heirs at law, under the rule in Shelley's Case which has been uniformly enforced by the courts of this state and is a well-settled rule of property in this jurisdiction, the intention and desire of the testator cannot be given effect, and appellant would have a fee-simple title to the property. Lacey v. Floyd, 99 Tex. 112, 87 S. W. 665; Hancock v. Butler, 21 Tex. 804; Hawkins v. Lee, 22 Tex. 544; Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160.

[2] We do not think, however, that this will should be so construed. The legal title to the property in controversy is placed by the will in the trustees therein named, and the only estate given to appellant is a reasonable support during his life out of the income of the trust estate. By the clear and unambiguous language of the instrument the estate is willed and bequeathed to the trustees, not to appellant, and when the instrument is considered as a whole it is, we think, clear that it was the intention of the testator to place the legal title in the trustees, who are given the exclusive control and management of the property and directed to apply such portion of the income as might be necessary to the reasonable support of appellant, his wife, and such children as might be lawfully born to appellant, and the will cannot be construed as bequeathing a life estate in the property to appellant, but only makes him a beneficiary of the trust estate bequeathed to the named trustees and their successors. Dulin v. Moore, 96 Tex. 135, 70 S. W. 742; Eskridge et al. v. Trust Co., 29 Tex. Civ. App. 571, 69 S. W. 987; Farrell v. Cogley, 146 S. W. 315; Appel v. Childress, 53 Tex. Civ. App. 607, 116 S. W. 129.

[3, 4] It seems clear to us that so long as appellant lives the trust imposed upon the trustees named in the will, and their successors as provided in the will, cannot be regarded as an executed trust. They are directed to control and manage and invest the income of the trust estate in part for the benefit of appellant "as long as the said James Henry Reeves shall live," and also for the benefit of any children that may be lawfully born to him. This latter provision establishes a trust not only for the benefit of appellant during his life, but also for the benefit of any children born to him. Under the common law, which is in force in this state, men and women are regarded as capable of having children as long as they live. Coke on Littleton, 28; 2 Blackstone, p. 125; May v. Bank & Trust Co. (Ky.) 150 S. W. 12, 48 L. R. A. (N. S.) 865; Quigley v. Quigley (Ky.) 170 S. W. 523, and 172 S. W. 1071; Kesterton v. Bailey, 35 Tex. Civ. App. 235, 80 S. W. 97; Rand v. Smith, 153 Ky. 516, 155 S. W. 1134.

From the views above expressed, it follows that the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.