## Aulick v. Summers.

(Decided February 6, 1920.)

### Appeal from Scott Circuit Court.

1. Evidence—Possibility of Issue—Presumptions.—The presumption that a woman is capable of having children so long as she lives is conclusive, and may not be rebutted by evidence.

2. Pleading—Impossibility of Issue—Demurrer—Admission.—The impossibility of a woman's having children may not be admitted by demurrer.

3. Specific Performance—Sale of Real Estate—Defective Title—When Specific Performance Will Not Be Decreed.—The specific performance of a contract for the sale of real estate will not be decreed where there is a possibility of the vendor's title being defeated by her death leaving children.

BRADLEY & BRADLEY for appellant.

T. L. EDELEN for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY. COMMISSIONER—Reversing.

By written contract dated February 15, 1919, Mrs. Fannie Tucker Summers sold to L. F. Aulick about three acres of land in Scott county. The consideration of $250.00 per acre was to be paid on March 1, 1919, at which time, Mrs. Summers was to deliver to Aulick a general warranty deed conveying a good fee simple title to the land. The deed was tendered on March 1, 1919, but Aulick declined to accept it and pay for the property on the ground that Mrs. Summers' title was defective. Thereupon, she brought suit against Aulick for specific performance of the contract, which was decreed by the court. Aulick appeals

It appears that plaintiff's father, by will dated July 4, 1883, devised the land in question to her for life, with

remainder to her children. The will provided that in case she died childless the property was to be sold at public auction, in which event plaintiff was to have the power to dispose of one-half of the proceeds by will, while the other half was to go to certain named heirs of Rebecca Ruddle. In the event plaintiff should sell any of the property, the proceeds were to go to the heirs of Rebecca Ruddle. After the above will was executed, plaintiff's father, on October 17, 1883, conveyed the farm in question to plaintiff for life with remainder to her children, the deed providing that in no event was she to have power to sell or encumber the land, or to rent it for a longer term than one year. The deed also reserved to the grantor the right to dispose of the property by will.

In 1899, plaintiff brought suit in the Scott circuit court for the construction of the will and deed. The heirs of Rebecca Ruddle, all of whom were non-residents, were made parties defendant and proceeded against by warning order. In that action a decree was entered adjudging that the restraint of plaintiff's power of alienation was limited to the life of her grantor; that the deed superseded the will in so far as it affected the land in controversy; and that plaintiff took title under the deed. It was also adjudged that plaintiff was the owner of the land in fee simple, subject to be defeated if she died leaving children. Answering defendant's pleading that plaintiff acquired title under her father's will and took a mere life estate in the property, with remainder to her children, plaintiff filed a reply setting up the proceeding in which the aforesaid judgment was rendered, and pleading in substance that all the parties in interest were before the court and were concluded by the judgment. It was further alleged that plaintiff was then a widow and childless; that she was sixty-three years old; that the time had long since passed when it was possible for her to give birth to a child; that the contingency of her having children, to whom the land could descend, no longer existed; and that the fee simple defeasible had therefore become a fee simple absolute. The defendant's demurrer to the reply as amended was overruled, and having declined to plead further, it was adjudged that plaintiff could convey a good and marketable title to defendant.

In view of the conclusion of the court, it is unnecessary to pass on the validity of the judgment referred to

above. Under the common law, which is in force in this state, the possibility of issue is never considered extinguished. On the contrary, women are presumed capable of having children as long as they live. Thus in the case of May v. Bank of Hardinsburg & T. Co., 150 Ky. 136, 150 S. W. 12, 44 L. R. A. (N. S.) 865, it was held that a trust to hold the property for the life of a woman, and distribute it among her children at her death, cannot be terminated at the instance of herself and her living children because she has reached the age of seventy years and has infirmities which, in the opinion of physicians, prevent her bearing other chidren. It was also held in Rand v. Smith, 153 Ky. 516, 155 S. W. 1134, that the court could not adjudge that a complete title in fee simple, subject to the life estates, rested in the existing remaindermen, although the only contingency was the birth of a child to a life tenant who was a spinster sixty-three years of age. In the case of Bigley v. Watson, 98 Tenn. 353, 38 L. R. A. 679, 39 S. W. 525, a woman held a life estate in certain lands with remainder to her children, living, and the issue of such as might be dead. All of the woman's children died during her lifetime and it was urged that, since she was an elderly woman, she was entirely incapable of bearing children, and therefore the remainder came to an end and she was the full owner of the land with power to divide it in advance of her own decease. It was held, however, that the possibility of issue existed until extinguished by death, and that the remainder was contingent up to that time. If it be insisted that the demurrer admits that plaintiff was sixty-three years of age, and that the time had long since passed when she could have children, it is sufficient to say that the demurrer admits no more than could have been established by evidence. The question whether a woman is incapable of having children is not open to investigation and is therefore not an issuable fact. On the contrary, the presumption that there is no limitation during life to the possibility of issue is conclusive, and may not be rebutted by evidence, and for the same reason the impossibility of issue may not be admitted by demurrer. May v. Bank of Hardinsburg & T. Co., supra; Flora v. Anderson, 67 Fed. 182. Since plaintiff's title may be defeated by her death, leaving children, it follows that she cannot convey a fee simple to defendant, and that specific

performance of the contract should not have been decreed.

Judgment reversed and cause remanded for proceedings consistent with this opinion.