## Brown v. Owsley, Trustee, et al.

(Decided March 20, 1923.)

### Appeal from Shelby Circuit Court.

1. Trusts—Gift to Hold in Trust for Wife and Children is Active Trust.—A gift to a husband to hold in trust for his wife and children is not a mere dry or passive trust which requires no action by the trustee beyond turning over the property to the beneficiaries, but imposes on the trustee the active duty of holding the lands for the use and benefit of his wife as long as she lives.

2. Trusts—Trustee and Beneficiaries of Active Trust Cannot Terminate by Conveying Property.—It is not within the power of the trustee and the beneficiaries of an active trust to sell and convey the trust property, and thereby terminate the trust, even though all of them join in the conveyance.

3. Evidence—There is Conclusive Presumption Women Can Have Children so Long as they Live.—It is conclusively presumed that all women are capable of having children so long as they live.

E. H. DAVIS for appellant.

PICKETT, BARRICKMAN & KALTENBACHER for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—Reversing.

Appellee William Owsley, trustee, and the *cestui que trustents* commenced this action in the Shelby circuit court against Owsley Brown to enforce a contract made by them with Brown, whereby they agreed to sell him and he agreed to purchase of them a certain tract or boundary of land described in the petition, at the price of $10,000.00. Appellant Brown declined to take the land or to accept a general warranty deed therefor from William Owsley, trustee, etc., and to pay the purchase price because he was advised by his counsel that the title

to the said land was defective and unmerchantable. The lands came to William Owsley, trustee, etc., through and by the will of Catherine E. Owsley, deceased, which in part reads:

"The remainder of my estate, which I have the right to will, to be equally divided among my four children, Kate O. Akin, Amelia O. Brown, Bella O. Booker and William Owsley, to be held in trust by their respective husbands, J. W. Akin, George G. Brown and William F. Booker, for their wives and children, and William Owsley for his wife and children."

The property in question is the result of the provision of the will copied above, and is now held by William Owsley, trustee, for the same uses and purposes set forth in the said will. The contract which the appellee sought to enforce by this action contains the following provision:

"The said parties of the first part hereby sell and agree to convey to second party, on September 15, 1921, by a good and sufficient deed of general warranty, in fee simple, and free from any and all liens and incumbrances, the following described tract of land, etc."

William Owsley, who is now trustee, is the son of the testatrix, Catherine E. Owsley. Appellee Florence R. Owsley is the wife of William Owsley and is one of the trustants. William Booker Owsley is a son of William and Florence Owsley. The other and only child of William and Florence Owsley conveyed his interest to his mother Florence Owsley and has and claims no interest whatever in the lands under consideration. As all these persons are yet alive the trust created by the will is still active. This is not a mere dry or passive trust which requires no action on the part of the trustee beyond turning over the property to the *cestui que trustents*. On the contrary William Owsley as trustee must hold the said lands for the use and benefit of his wife so long as she lives. It is an active trust for the trustee has a duty to perform. This being true, it is not within the power of the trustee and the *cestui que trustents* to sell and convey the trust property and thus terminate the trust even though all of them join.

It is averred in the answer that Mrs. Florence Owsley, to whose use the trustee holds a life estate in the land, is more than sixty years of age, in feeble health and unable to bear a child or children. This averment is not

denied, and it is insisted by appellees that appellant having averred that Mrs. Owsley cannot bear a child or children is concluded by such averment and that there is and can be no possibility of another child, and therefore all of the persons for whom the trust was created having joined in the contract and in this litigation and having signed and acknowledged a deed of general warranty to appellant for the land are forever concluded, and the grantee vested with perfect title. We have held in the case of Rand v. Smith, 153 Ky. 516,.and in the case of Quigley's Trustee v. Quigley, 161 Ky. 85, and in the case of Aulick v. Sumners, 186 Ky. 810, that it is conclusively presumed by the law that all women, no matter what age, are capable of bearing children so long as they live, and this presumption cannot be overcome by evidence. This being the established rule it follows that a child born to Mrs. Owsley in the future would not be concluded by the judgment of specific performance of the contract sued upon.

For the reasons indicated the judgment is reversed with directions to dismiss the petition.

Judgment reversed.