## Azarch v. Smith, et al.

(Decided January 13, 1928.)

## Appeal from Pike Circuit Court.

1. Wills.—When the term "heirs" is used in a will, it will be held to be a term of limitation, and not one of purchase, unless a contrary intention appears in the instrument, so that, if from a consideration of the whole instrument, it appears that the term was used in the sense of "children," rather than its technical sense, it will be so construed.

2. Wills.—In a devise to "the lawful heirs of my son, W., and A., his wife," term "heirs" held to mean "children" of the son and such named wife.

3. Wills.—Where there is a devise to the children of another than the testator, such devise includes all the children of such person living at the death of the testator as well as any that may thereafter be born, where such person is a near relative of the testator.

4. Wills.—Where a testator devised property to his son for life, and then to "the lawful heirs of my son, W., and A., his wife," held that the children of W. and A. took a vested estate in the remainder at the testator's death, subject to such interest being opened up for after-born children of W. and A.

5. Evidence.—The law presumes that women are capable of bearing children as long as they live.

6. Vendor and Purchaser.—Though contingency affecting title attempted to be conveyed by plaintiffs was extremely remote, yet it prevented plaintiffs from conveying good title to property as long as certain devisees of testator were alive, chancellor erred in decreeing specific performance of contract to convey.

A. J. MAY and JESSE D. KASH for appellant.

STATON, KEESEE & BURKE for appellees.

OPINION OF THE COURT BY JUDGE REES—Reversing.

This appeal involves the construction of the fourth clause of the will of Jacob Smith, who died a resident of Pike county in the year 1906. The clause in question is as follows:

"I give, devise and bequeath to the lawful heirs of my son, Will M. Smith, and Annie F. Smith, his wife all of the real estate, that I own in Pike county, Kentucky at and near the mouth of Pond creek being the same place where I now reside live, except the lot that has heretofore in this will been bequeathed to my wife, Georgia A. Smith and the exception that is referred to in a lease that has this day been executed

by me to my son Will M. Smith and W. T. Goff which lease is here referred to in this instrument and I also bequeath and devise to my son, Will M. Smith absolute control and possession of the above described property during his natural life, subject however, to the exceptions aforesaid and at his death to go to his lawful heirs as above referred to.''

On April 1, 1927, the appellees, Will M. Smith, Ike Smith, Jake Smith, and Octavia Smith, entered into a contract with the appellant, Louis Azarch, for the sale of two small tracts of land situated near the mouth of Pond creek in Pike county, Ky., and being a part of the land mentioned in the above clause of the testator's will. By the terms of the contract the appellant was to pay the sum of $15,000 and appellees were to execute and deliver to him a deed on or before April 20, 1927. On April 19, 1927, the appellees tendered appellant a deed for the land described in the contract, but the appellant declined to accept it and to carry out the contract of sale on the ground that the title of the vendors was defective. Thereupon the appellees brought this action for specific performance.

The appellant, who was the defendant below, filed an answer, in which was set out the clause of the will of Jacob Smith quoted above, and alleging that the appellees Ike Smith, Jake Smith and Octavia Smith were each over 21 years of age, and the only children of Will M. Smith and Annie F. Smith living at the time of the death of Jacob Smith; that Will M. Smith and Annie F. Smith were divorced by a judgment of the Pike circuit court on October 20, 1909, and that thereafter Annie F. Smith married a man other than Will M. Smith, and moved to another state, and that she is now over 50 years of age; that under the will of Jacob Smith the children of Will M. Smith and Annie F. Smith took only a contingent remainder. The record also discloses that Will M. Smith married after the divorce above referred to was granted. The plaintiff's demurrer to the answer was sustained, and, the defendant having declined to plead further, specific performance was decreed.

It appears that, at the time of his death, Jacob Smith was the owner of a large amount of real estate in Pike county, and that his only heir at law was a son, the appellee Will M. Smith. Will M. Smith had three children by his then wife, Annie F. Smith. He also had three illegiti-

mate children, two of whom were mentioned in the will of Jacob Smith. The testator devised to each of them a tract of land, and referred to them in the will as the illegitimate children of his son, Will M. Smith.

When the term "heirs" is used in a deed or will, it will be held to be a term of limitation, and not one of purchase, unless a contrary intention appears in the instrument. If it appears from a consideration of the instrument as a whole that the grantor or testator used the term, not in its technical sense, but in the sense of children, it will be construed to mean children, and will be held to be a term of purchase. Tucker v. Tucker, 78 Ky. 503; Slote v. Reiss, 153 Ky. 30, 154 S. W. 405; Meisberg v. Bryant, 184 Ky. 600, 212 S. W. 600.

The testator Jacob Smith, was manifestly attempting to distinguish between the illegitimate children of his son, Will M. Smith, and the latter's legitimate children born to his wife, Annie F. Smith. The term "lawful heirs of my son, Will M. Smith and Annie F. Smith, his wife," identified one set of his son's children, and the term "heirs" was used by the testator as synonymous with children. The class to which the remainder interest passed was confined to the legitimate children of Will M. Smith born to his wife, Annie F. Smith.

It is contended that the members of the class to whom the remainder interest was given by the will are to be ascertained at the death of the testator, or, if not, then at the time Will M. Smith and Annie F. Smith were divorced, and, the membership of the class having been determined, the deed tendered by the appellees passed a fee-simple title to the property in question. With this contention we are unable to agree. It is well settled in this state that, where there is a devise to the children of another than the testator, such devise includes all the children of such person living at the death of the testator as well as any that may thereafter be born, where such person is a near relative of the testator. Lynn v. Hall, 101 Ky. 738, 43 S. W. 402, 19 Ky. Law Rep. 996, 72 Am. St. Rep. 439; Goodridge v. Schafer, 68 S. W. 411, 24 Ky. Law Rep. 219; Pettit v. Norman, 119 Ky. 777, 82 S. W. 622, 26 Ky Law Rep. 860; Caywood v. Jones, 108 S. W. 888, 32 Ky. Law Rep. 1302; Lamar v. Crosby, 162 Ky. 320, 172 S. W. 693, Ann. Cas. 1916E, 1033; Sutton v. Greening, 164 Ky. 164, 175 S. W. 1.

Under the foregoing authorities the children of Will M. Smith and Annie F. Smith took a vested estate in re-

mainder in the property in question, subject to the estate being opened up to such after-born children as came within the class named in the will, and who would take their respective shares, thus diminishing to that extent the shares of the children living at the time of the testator's death. Not only are there no expressions in the will of Jacob Smith indicating any intention on his part to exclude any children of the class named that might be born after his death, but nothing appears to indicate any intention on his part to limit the membership of the class to the children of Will M. Smith and Annie F. Smith born as a result of the marriage relationship then existing. In the absence of such intention, all the children of Will M. Smith and Annie F. Smith born in lawful wedlock become members of the designated class. It is possible, though not probable, that the present spouses of Will M. Smith and Annie F. Smith may die or be divorced, and that Will M. Smith and Annie F. Smith may remarry and have other children. While it is alleged that Annie F. Smith is more than 50 years of age, the law presumes that women are capable of having children as long as they live. May v. Bank of Hardinsburg & Trust Co., 150 Ky. 136, 150 S. W. 12, 48 L. R. A. (N. S.) 865; Rand v. Smith, 153 Ky. 516, 155 S. W. 1134; Quigley's Trustee v. Quigley, 161 Ky. 85, 170 S. W. 523; Aulick v. Summers, 186 Ky. 810, 217 S. W. 1024; Brown v. Owsley, 198 Ky. 344, 248 S. W. 889.

The contingency that will affect the title attempted to be conveyed by the appellees is so extremely remote as to have little practical bearing, but such contingency, however remote, prevents the appellees from conveying a good title to the property so long as both Will M. Smith and Annie F. Smith are alive. It follows that the chancellor erred in decreeing a specific performance of the contract.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.