# Spilman et al. v. Mercer County National Bank of Harrodsburg et al.

(Decided May 25, 1937.)

CHENAULT HUGUELY for appellants.

C. E. RANKIN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming in part and reversing in part.

This appeal involves the construction of a deed made by James C. Page to himself as trustee of James P. Spilman, his wife, and the children they may have.

That part of the deed pertinent to the issue involved, reads as follows:

"This Indenture, made on the 17th day of September, A. D. One Thousand Eight Hundred and Ninety-four, by and between James C. Page, as Trustee of Mary E. Page, Mary E. Page and James C. Page of the city of St. Louis, Missouri, parties of the first part, and said James C. Page as Trustee of James P. Spilman, his wife and the children they may have, all of the town of Harrodsburg, in the State of Kentucky parties of the sec-

ond part. Witnesseth, That the said parties of the first Part, in consideration of the sum of Five 00/100 Dollars, to them paid by the said parties of the second part, the receipt of which is hereby acknowledged, do by these presents, Grant, Bargain and Sell, Convey and Confirm, unto the said parties of the Second Part, their heirs and assigns, the following described Lots, Tracts or Parcels of Land, lying, being and situated in the County of Madison and State of Illinois, to-wit: The Southwest quarter of section number twenty-five (25) in township number five (5) north range number six (6) west of the third principal meridian. Lying about three miles southeast of the town of Alhambra. The conditions of this trust are that the said trustee or some other Trustee chosen by him shall hold it for the sole use and benefit of said James P. Spilman during his life and that after his death, he or his successor who may be appointed by the judge of the Circuit Court of Madison County, Illinois, at the request of the retiring Trustee. The Trustee in place shall hold it as the property of said James P. Spilman's wife and children in equal parts. * * *"

The deed further provided that the trustee or his successor may incumber the property to the extent of $1,000 for a purpose set out in the deed, and provided how the incumbrance should be paid, but that thereafter the property shall not be incumbered. Thereafter the original trustee, Page, resigned the trust, and Charles H. Spilman was appointed in his stead and served until his death which occurred in April, 1904, and, pursuant to a court proceeding had in the circuit court of Madison county, Ill., William W. Stevenson of Harrodsburg, Ky., was appointed trustee in the place and stead of Charles H. Spilman, deceased, and in that proceeding it was further decreed that the said real estate conveyd in trust by the deed aforesaid should be sold and the proceeds of the sale be invested in interest-bearing securities or in other real estate to be held by the trustee upon the same terms and conditions as provided in the trust deed. With the proceeds of the sale or a part thereof, Stevenson, the trustee, purchased certain property in Harrodsburg, Ky., at the purchase price of $3,000, now the subject of this action,

and the deed thereto was made to Stevenson as trustee for the purposes set out in the original trust deed. It appears, however, that in the purchase of the Harrodsburg property the appellant James P. Spilman paid a certain part of the purchase price of the property out of his own personal means, and pursuant to a proceeding had in the Mercer circuit court in the year 1914, it was ordered and decreed that Stevenson, as trustee aforesaid, repay James P. Spilman the cash furnished by him individually, in the purchase of the Harrodsburg property, and pursuant to that decree Stevenson conveyed to James P. Spilman in fee a lot or portion of the property fronting on Lexington avenue in Harrodsburg, for a distance of 45 feet, which is referred to in the record as the 45-foot lot, and it is conceded by all parties that Spilman has fee-simple title to this lot and it is not in question in this appeal.

On September 20, 1932, and on March 20, 1933, respectively, the appellant James P. Spilman borrowed certain sums of money of the appellee Mercer County National Bank of Harrodsburg, hereinafter called the bank, and to secure said loans Spilman and his wife, Zoe Spilman, duly executed a mortgage on their said property in Harrodsburg, Ky., including the trust property and the 45-foot lot owned in fee by James P. Spilman.

The appellants defaulted in the payment of the notes, and in December, 1936, the bank filed this suit to recover on its notes and sought a foreclosure of the mortgage executed on the property to secure payment of the notes. It was alleged in the petition that Lizzie Cosby held a mortgage lien against the property to secure her for a debt of $1,000, which mortgage was superior to the bank's lien, and that she be required to assert her lien. Lizzie Cosby filed her answer, counterclaim, and cross-petition asserting her lien against the property and asked that it be sold and the proceeds be first applied to the payment of her debt. There is no controversy between the bank and Lizzie Cosby.

James P. Spilman and his wife, Zoe Spilman, the appellants, filed their answer to the petition of the bank and the counterclaim and cross-petition of Lizzie Cosby, in which they admitted that James P. Spilman owned in fee simple the 45-foot lot, but they averred that by

the terms of the trust deed an incumbrance or mortgage of the trust property was prohibited and that any attempt to mortgage or incumber it is null and void, and for that reason they denied the legal effect of both mortgages. They further averred that there was born to their marriage one child, Evelyn Spilman, who died intestate in infancy and childless, and that they have no children; that James P. Spilman is 64 years of age and the defendant Zoe Spilman is 63 years of age. They asked that the bank's petition and the cross-petition of Lizzie Cosby be dismissed in so far as they seek any lien upon the property described therein except the 45-foot lot owned by James P. Spilman.

At the time of the execution of the original trust deed to James C. Page, dated September 17, 1894, no child had been born to James P. and Zoe Spilman, but thereafter and before the execution of the trust deed to William W. Stevenson dated March 24, 1905, one, child, Evelyn Spilman, had been born to them and was living at that time, and the trust deed to Stevenson conveyed to him the property in question as trustee of James P. Spilman, Zoe Spilman, and Evelyn Spilman, and any other children that might be born to James P. and Zoe Spilman. However, the deed to Stevenson does not vary in principal and intent from the original deed. Evelyn Spilman died in infancy and childless before the execution of the mortgages in question.

The court sustained a demurrer to the answer, and defendants failing to plead further, the court entered judgment adjudging that by the respective deeds to Page and Stevenson, trustees, James P. Spilman and Zoe Spilman took a joint life estate in the trust property with a life estate in the survivor, and remainder in fee to Evelyn Spilman, their only child, jointly with such other child or children as might be born to James P. and Zoe Spilman. There was excepted, however, from the property described in the trust deed to Stevenson, the 45-foot lot which was later conveyed to James P. Spilman in fee, and it was adjudged that he was vested with fee-simple title to that lot. The court further found and adjudged that Evelyn Spilman having died intestate, childless, and in infancy, her entire interest in the trust property less the aforesaid 45-foot lot passed by inheritance to her father and mother, James P. and Zoe Spilman; and further adjudged that

James P. Spilman and Zoe Spilman now own and hold said property less the 45-foot lot, subject to the contingency that if a child or children be born to them and it or its descendants shall survive both of them, then said property less the 45-foot lot shall pass in fee to such child, children, or their descendant so surviving, which title is to be held in trust for their benefit, but that the office of trustee is now vacant. It was further adjudged that the interest of James P. and Zoe Spilman in the trust property is subject to mortgage or conveyance and that the mortgages given by them to the bank and Lizzie Cosby created a lien upon the interest of the mortgagors in said property for their indebtedness. It was ordered that the master commissioner sell the property in satisfaction of the said indebtedness and in making the sale the commissioner will first sell the 45-foot lot conveyed to James P. Spilman in fee, and should it bring a sufficient sum with which to pay the whole indebtedness, then there will be no other sale; otherwise the commissioner will next offer for sale the interest of James P. and Zoe Spilman in the balance of the property, then offer the vacant lot and the interest in the remainder of the property as a whole.

James P. Spilman and Zoe Spilman excepted to the judgment except as to the 45-foot lot owned by Spilman in fee, and prayed an appeal which was granted. The bank has prosecuted a cross-appeal from that part of the judgment holding that James P. and Zoe Spilman are not the owners of the property in fee to the extent of their inheritance from their deceased child, Evelyn Spilman.

It is insisted for appellant that the mortgage was invalid and created no lien against the property because the trust deed prohibited any incumbrance of the property. It may be conceded that provisions in a deed prohibiting alienation or mortgage are valid under certain circumstances, but for the purpose of this case we need not enter into a discussion of all the exceptions or circumstances, but we will confine our discussion to the class within which the present case falls. In the present case the attempted restraint on incumbrances of the property is not limited to any particular number of years or circumstances and includes the life of James P. Spilman, Zoe Spilman, and their children,

if any. But even if it be conceded that the restraint upon incumbering the property was otherwise valid, it is not enforceable, first because there is no devise over or other penalty or forfeiture provided for a violation or breach of the restraint; and, second, the appellants have waived their rights to complain so far as their interest is concerned, by executing the mortgages.

In the case of Kentland Coal & Coke Co. v. Keen, 168 Ky. 836, 183 S. W. 247, L. R. A. 1916D, 924, it is held that a breach of a condition subsequent in a deed against alienation can, in the absence of a limitation over, be taken advantage of only by the grantor or his heirs, but cannot be voided by such grantee or his heirs.

In Ford v. Ford, 230 Ky. 56, 18 S. W. (2d) 859, it is held that a restraint of alienation is not valid unless it is provided that in case such property is sought to be subjected, title goes to some one else. See, also, Harkness v. Lisle, 132 Ky. 767, 117 S. W. 264.

In the present case no interest or rights are affected by the mortgage except those of the appellants, the mortgagors, and no one except them has any right to complain. In Lawson v. Lightfoot, 84 S. W. 739, 740, 27 Ky. Law Rep. 217, the question of restraint on alienation was involved and it was held that the restraint in that particular case was valid. But at the end of the opinion the court adds this language:

"It may not, however, be improper to suggest that, notwithstanding the restriction imposed by the will upon the power of the devisee to dispose of the real estate in question, if the deed of general warwanty tendered appellant by them should be accepted, they probably could not thereafter recover the property; at any rate they could not do so without being made to account upon their warranty for the consideration received by them with interest."

It may be conceded that the above quotation is mere dictum so far as that case is concerned, but we think it pronounces a sound equity doctrine where applicable, and we think it particularly applicable to the present case. Appellants themselves violated the restraint of incumbrances as set out in the trust deed and as a result of their breach of the trust they obtained credit and benefited thereby, and they cannot now re-

pudiate their own acts to the prejudice of their creditors.

Many other like and similar cases could be cited, but we deem it unnecessary to incumber this opinion by multiplying authorities. We conclude, therefore, that the chancellor correctly held the mortgages valid and created a lien on the property to the extent of the appellants' interests therein, present and contingent.

We now come to a consideration of the question: What interest has James P. and Zoe Spilman in the property in question, and what character of title could be made to the purchaser thereof? The chancellor found that James P. Spilman and Zoe Spilman took a joint estate for their lives with a life estate in the survivor, and if another child or children be born to them such child or children would take the entire fee, which would include the share of the deceased child. But we do not so construe the deed.

The original trust deed to James C. Page, which is controlling throughout the series of deeds and transactions, very clearly vested James P. Spilman only with a life estate with the remainder in trust as the property of his wife and children *in equal parts*. True it is, the deed does not specifically provide, in concise words, just when the fee shall vest, but we construe the language "as the property of said James P. Spilman's wife and children in equal parts" to mean that after the termination of the life estate of James P. Spilman, the remainder goes to the wife and children, if any then born or thereafter born, in fee, share and share alike. When the deceased child, Evelyn Spilman, was born, and assuming for the present that no other children would be born to appellants, Evelyn Spilman and her mother, Zoe Spilman, became vested with the fee in equal parts, or one-half each, subject to the life estate of James P. Spilman. Then upon the death of Evelyn Spilman her one-half of the fee descended to her father and mother in equal parts, or one-fourth each, and her mother, Zoe Spilman, then became vested with three-fourths of the fee and James P. Spilman vested with one-fourth of the fee plus his life estate. However, in view of the rule that there is a possibility of children so long as a person lives, the fee in the trust property is subject to the contingency that another child or children be born to the marriage of the appel-

lants. But this would not extinguish in whole that part of the fee the appellants inherited from their deceased child, Evelyn Spilman, but would only lessen it. To illustrate: If one more child only should be born, the interest of Zoe Spilman in the fee would be reduced to one-third and the after-born child would take one-third and that of the deceased child likewise reduced to one-third, which latter one-third would be inherited by her parents in equal parts, or one-sixth of the fee each, thereby vesting the mother with one-third of the fee under the deed plus one-half of the deceased child's one-third, or one-sixth, and the after-born child would be vested with one-third and James P. Spilman with one-sixth inherited from Evelyn, the deceased child, plus his life estate. If more than one child should hereafter be born, it would further reduce the interest of appellants inherited from their deceased child. Azarch v. Smith, 222 Ky. 566, 1 S. W. (2d) 968.

It follows that the purchaser of the property at the court sale or otherwise would be presently vested with the life estate of James P. Spilman and whatever life interest, if any, owned by Zoe Spilman, plus that part of the fee which appellants may finally inherit from their deceased child, Evelyn Spilman; and the purchaser would further be vested with the rest of the fee subject to the contingency that another child or children be born to appellants, in which event the fee inherited by appellants from their deceased child and the fee of Zoe Spilman would vary accordingly as we have indicated.

Wherefore, the judgment is affirmed on the appeal and reversed on the cross-appeal in so far as it adjudged that (1) Zoe Spilman takes a joint life estate with her husband, James P. Spilman, and (2) that in the event another child or children be born to appellants, such child or children would take the entire fee.