# Wilson et al. v. Trabue.

(Decided June 1, 1934.)

WILLIAM BLANTON for appellants.
BRADLEY & BRADLEY for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

Ellen Trabue sued M. E. Wilson to compel him to accept a deed made to him by her pursuant to a contract he had made with her. She was successful, and Wilson has appealed. Brent Trabue, who had asserted an interest in the property, is also an appellant.

Wilson's answer was that the deed tendered would not invest him with the fee-simple title to the property, which the plaintiff had contracted she would do, not because of any defect in the tendered deed, but because the plaintiff was not herself invested with a fee-simple title.

Plaintiff claims title under the will of her father, which is:

"Know all men by these *presence* that I, James Trabue of Bourbon County and State of Kentucky being of feeble health but of sound mind and knowing the uncertainty of life and the certainty of death do make this as my last will and Testament that after all my just debts are paid my land is to be in the hand of my Executrixes that is my wife Lucy D. Trabue and my daughter Mary E. Trabue for the benefit of all my children subject to my wife's dower in the land and they may divide the same between my six children to wit: *John Trabue, Mary E. Trabue, Sarah Ellen Trabue, George W. Trabue, Olympia D. Trabue* and *Henrietta Trabue* equally and John Trabue is to have his share from the road to include the old vineyard and part of the Orchard and that altho the land may be divided and possession given to them it is only the annual rents and profits that they are to have for their annual

use that my said Executrixes are hereby made trustees for my said Children and *divisees* and it is hereby made the special duty of said trustees to see that the said *divisees* do get the rents and profits of their said land for their own especial use and no one else is to have any claim for the same and if any of them die without children the land is to descend to the survivors with all the foregoing reservations in testimony whereof I have hereunto set my hand and seal this eighth day of April in the year of our Lord 1873.

"[Signed]   James Trabue   [Seal]"

The parties in their briefs treat the plaintiff, Ellen Trabue, as the same party as Sarah Ellen Trabue named in the will, and we shall do the same.

It is admitted that the widow of James Trabue is dead and all the other devisees of James Trabue except the plaintiff have died intestate and without issue, and that she is the sole heir of them all.

Brent Trabue filed an answer asserting he is a grandson of Charles Trabue, the only brother of James Trabue; that Charles Trabue is dead; that he left six children; that most of them are dead and have numerous and widely scattered heirs, and he asked and by order of the court was allowed to defend for all of the collateral heirs of James Trabue.

The contention of Wilson and of Brent Trabue is that by the will of James Trabue each of the devisees took a life estate only, and that when one would die the life estate he had would end, and contend that upon the death of Ellen Trabue all of these life estates will be at an end and this property will pass to the collateral heirs of James Trabue, that is, to the children of Charles Trabue now represented by Brent Trabue.

The property of James Trabue upon his death would pass to his children unless James Trabue made a different disposition of it by will, so if the appellants are correct in their construction of this will and James Trabue only gave his children life estates, then James Trabue died without having disposed of the remainder interest in this property after the termination of these life estates and that remainder passed under the statutes to these devisees, who are admitted to be his only children, and Ellen Trabue as the surviving heir of all

of them now owns that remainder. See Slack v. Downing, 233 Ky. 554, 26 S. W. (2d) 497.

Therefore the court did not err in holding she now has the fee-simple title and properly required Wilson to accept the deed tendered him.

Judgment affirmed.