## Waggener et al. v. Penn et al.

(Decided Dec. 21, 1934.)

C. C. GRASSHAM and W. M. HUSBANDS for appellants.

M. C. ANDERSON and VIRGIL D. PARISH for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

From a judgment sustaining a demurrer to their petition and dismissing it upon their refusal to amend, Charles H. Waggener et al. have appealed.

On September 21st, seventy-six years ago and long before any of the present members of this court were born, Isaac Clark, who had by his business acumen amassed a fortune of no mean proportion, realized he was soon to die, and, wishing to divide this fortune among his wife and his five children, had a layman write his will. Six weeks later he was dead, and one week thereafter his will was probated. The bulk of his estate Clark divided among his five children, and he made this provision for his daughter Orra:

> *"I will and bequeath to my dear* daughter, Orra Clark, *during* her *natural life and at* her *death to escend immediately to* her *heirs, the following property, to-wit*:

> "Two (2) lots one of which fronts on Broadway Street twenty-one feet and extends back one hundred and five and a half feet to a ten foot alley, the other adjoins my daughter, Fannie's lot; and fronts nineteen and a fourth feet on Locust Street and extends back towards the Ohio River seventy-four feet and five inches (all the lots adjoining Broadway and Locust Streets, at this point I bought of W. J. Jones) also four hundred acres of land to be laid off out of my Fitzhugh lands."

A portion of this provision we have italicized, and those identical words were used in the provision he made for each of his children, the only difference being the name of the child, the gender of the pronouns used, and the description of the property.

In his will he said this regarding the right of his children to sell this property:

> "It is my will, desire and wish that none of my children that have property herein willed and bequested to them during their natural lives, and at their death to descend immediately to their heirs, shall have the power, privilege or right to sell off any of their interest in said property, or in the proceeds thereof arising from rents or otherwise, or shall said rents, profits or proceeds be subject to pay, or be liable for any said children's debts, or to pay executions or contracts of any description."

Now began a long series of disputes, anxieties, and litigation that has continued over three-fourths of a century.

What could Clark's children do with this property? Who would get it when they died? Did the word "heirs" mean children, etc.?

### The Collateral Kindred.

Isaac Clark had a sister, Sallie Clark Waggener, through whom our present appellants claim, but whether or not he had brothers or others sisters does not appear.

### The Old Suit.

Thirty-four years after his death, a suit between the children of Isaac Clark and a granddaughter of Sallie Clark Waggener resulting from this will reached this court. See Hughes et al. v. Clark et al. 26 S. W. 187, 16 Ky. Law Rep. 41. The trial court had held that this will as a whole showed the word "heirs" as used in this will meant "children," and this court held the same. This court also held that, upon the death of one of these children, such child's share would vest in fee in the survivors; the original portion of any child was held subject to be defeated only upon that child having children who may take under the will; that a joint conveyance would pass the fee save on the contingency mentioned; and that in no event do the collaterals take under Isaac Clark's will.

### The Present Litigation.

Clark's widow died long ago, and one by one have his children died: Anna R. Fortson, February 9, 1861; Luther Henry Clark, July 30, 1884; Luella Clark, November 19, 1907; Fannie E. Rowland, March 26, 1914; and Orra Clark, August 26, 1918. None of them ever had any children, except Mrs. Rowland, and her only child died July 18, 1877, thirty years before its mother. Thus Isaac Clark's line is now extinct.

One of our appellants is a daughter of the Mrs. Hughes, the granddaughter of Sallie Clark Waggener, who was an appellant in the old case, three of them are grandchildren of that Mrs. Hughes, and the other two are her nephews, being children of her brother, who was a grandson of Sallie Clark Waggener. The property sought to be recovered in this litigation is 124 acres

of land held by I. L. Penn under a conveyance made by Orra Clark and is a part of the 400 acres of the Fitzhugh land devised to her by Isaac Clark. Orra Clark, the surviving child of Isaac Clark, died childless and left neither a father, a mother, a brother, or a sister, or issue of either. Our appellants now claim the property and allege they are the only heirs of both Isaac Clark and his daughter Orra Clark.

That allegation is not sufficient; facts should be pleaded showing they were such heirs. See Langston v. Edwards, 54 S. W. 833, 21 Ky. Law Rep. 1277. So far as these pleadings show Orra Clark may have left a grandfather or a grandmother who would take her property under either our statutes then or now, if she had left any property, but she did not leave this 124 acres; she had previously made conveyance of it under which Penn is holding.

### Our Conclusions.

Whether this court as now constituted would as an original proposition decide the questions in the old case as this court as then constituted did decide them, we need not say, but after that decision has been upon the books for forty years, and people have bought and sold in reliance thereon, we are not going to disturb it now.

Orra Clark undertook to convey the fee, that is, both the life estate and the remainder, which she had the right to do under the cases of Wilson v. Trabue, 254 Ky. 661, 72 S. W. (2d) 57; and Slack v. Downing, 233 Ky. 554, 26 S. W. (2d) 497. which are of controlling applicability when the word "heirs" is treated as meaning "children." She was forbidden to convey the life estate which she took under the will, but as to the remainder which she took under the statutes there was no such limitation.

So the appellants cannot take this property as heirs of Isaac Clark, as he left children who took under the statute everything he had, which he had not willed to another. Appellants cannot take this 124 acres as heirs of Orra Clark, as they are estopped by the deed she made under which Penn is holding. There never was but one way for these collaterals to take this 124 acres, and that was under the will of Isaac Clark, and on the appeal of the old case it was expressly held that

in no event could the collaterals take under the will, which, for the reasons stated, we shall not disturb.

Orra Clark took a life estate in this property under her father's will, she also took under section 1393 and section 4843, Kentucky Statutes, the remainder, if she and her father's other children left no children. She took that remainder while she was yet alive, but subject to a defeasance, if she left children when she died. She made conveyance of it while she was alive, which under the decision in the old case passed the fee save on the contingency that she died leaving children. That contingency never happened; therefore her conveyance passed a fee, and there was nothing left for the appellants to take.

The trial court did not err in sustaining a demurrer to the appellants' petition.

Judgment affirmed.