## Frederick et al. v. Rowe et al.

(Decided Feb. 11, 1936)

C. R. LUKER and S. F. BOWMAN for appellants.

WILLIAMS & DENNY, JOEL M. JONES, J. J. FELTON, MEL-VIN HUGHES and H. J. McCLURE for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

Lizzie Frederick and 14 others filed this action against Johns Rowe and 22 others in which it is alleged that in the year 18—, Jake Frederick, the grandfather and greatgrandfather of the plaintiffs, at the time of his death was the owner and in possession of the land described in the petition, and at his death left surviving him "as his heirs and only heirs" those whose names are then given. They aver "they are the grandchildren and children of Henry Frederick," and his "only surviving heirs"; Henry inherited from his father a one-third undivided interest in the land, and the plaintiffs by reason of being his "only surviving heirs," are the owners of a one-third interest in the two tracts of land; "each and all other heirs of the estate of Jake Frederick have sold their interest in the land, or have died intestate without issue or without having been married; that is, a part of them, all of the heirs living as herein set out, have sold their interest," and "these plaintiffs have never been divested of their interest in the land, and are now the owners of the one-third undivided interest in it free from the claim of any other person or persons." They charge that Johns Rowe, Harvey Renner, Mote Hamm, and Leroy Hughes are holding the possession of the land without right, and each of them is claiming to be the owners of certain parts of it; "that the possession of same was held by one of the heirs of their grandfather until a few years ago at which time the defendants came into the wrongful possession of same." They allege: "That certain named plaintiffs own one-twenty-seventh and others own jointly an undivided interest in it, and still others own an undivided one-twenty-seventh, and Sarah Frederick is the owner of a dower interest in a one-twenty-seventh interest." They ask a judgment for possession of the land, $500

damages in rents and profits, and that their title be quieted against the defendants.

An amendment to the petition "reaffirms" the allegations of the original and sets up the institution of an action in the Rockcastle circuit court in which they aver it was alleged "that certain heirs and owners of the land desired it sold and that it could not be divided without materially impairing its value"; that the action was filed against Martha Frederick, Mary Frederick, and George Frederick, and the summons was duly executed on them April 17, 1922. An extensive detail of the steps therein, beginning with the filing of the petition, to and including the orders of distribution, is set forth in this amendment, followed by the allegation that "these heirs (naming them) of the said Jake Frederick were never parties to the said cause of action."

It is stated in this amendment that "Lizzie Frederick, Rebecca Selva, Dan Selva, Lora Frederick, Alice Miller, Cora Onkst, George Onkst and Emmett Frederick who are plaintiffs in the present action, were made plaintiffs in that action," "without their knowledge or consent and without any authority to do so and their names were used as plaintiffs in said cause of action without any right or authority so to do and without their knowledge and for that reason said judgment was null and void as to them." This amendment embraces an allegation that certain other individuals (naming them) "were heirs in the land attempted to be set out in the petition in the old suit and entitled to inherit as heirs and they were not made either plaintiffs or defendants"; that Henry Frederick "was also an heir" of Jake Frederick, and he was not made a party plaintiff or defendant; and that the "heirs" who filed the pending suit had no knowledge or information concerning the suit. It is charged that Johns Rowe, Harvey Renner, Mote Hamm, and Leroy Hughes claim a part "of the said boundary of land by reason of deeds herein set out." In the prayer to the petition, judgment was asked declaring the proceedings "in the old suit" null and void. They sought judgment against Fred Baker for $1,000 cutting timber on the land, and for all proper relief. A second amendment of the petition reiterating the allegation of the original and first amendment was filed.

In it, it is alleged that Jake Frederick at the time of his death "left surviving him as his heirs and only heirs" those whose names are then given. Again, it is alleged that the plaintiffs, nor either of them, had knowledge or information of the pendency of the suit of Rebecca Selva against Martha Frederick et al., filed in April, 1922, until about two weeks before the original petition herein was filed. It sought to make certain other heirs of Jake Frederick defendants. In this amendment they prayed that the land be sold and the proceeds divided "among the plaintiffs and defendants as their interests therein appear." A general demurrer was filed to the original petition and sustained. A general and also a special demurrer were filed to the petition as amended, which were sustained by the court and the petition as amended dismissed.

It will be observed that the petition as amended, although it alleges "that Jake Frederick, the grandfather and the greatgrandfather of the plaintiffs," "in the year 18—, at the time of his death was the owner and in possession of the land" in controversy, nowhere alleges that the plaintiffs' ancestor, Henry Frederick, at the time of his death was the owner or in possession thereof. We have often ruled that a statement in a pleading that the pleaders are the heirs of a named person is but a conclusion; they should aver the death of the ancestor and so state their relation to him that the court can determine on the pleading itself, whether they are heirs or not. A pleading which states that named individuals "are the only heirs" of a deceased owner of land is bad on a demurrer as it is a mere conclusion of law. Fite v. Orr's Assignee, etc., 1 S. W. 582, 8 Ky. Law Rep. 349; Craig v. Welch-Hackley Coal & Oil Co., 74 S. W. 1097, 25 Ky. Law Rep. 232; Montz v. Schwabacher, etc., 119 Ky. 256, 83 S. W. 569, 26 Ky. Law Rep. 1214; Daley v. O'Brien, etc., 96 S. W. 521, 29 Ky. Law Rep. 811; Toler's Heirs v. Toler, 110 S. W. 388, 33 Ky. Law Rep. 594, 595; Combs et al. v. Cardwell, 164 Ky. 542, 175 S. W. 1009; Waggoner et al. v. Penn et al., 257 Ky. 124, 77 S. W. (2d) 427.

The reason for the rule is apparent in this case. On the petition as amended it is impossible to determine whether Henry Frederick was the owner of the land in controversy, or had any interest therein,

or was in the possession of it, or entitled to its possession of any interest therein, at the time of his death; nor can the plaintiffs' relationship to him be determined from the allegations of the petition. Whether they were his children or grandchildren, the petition fails to disclose.

Conceding that Jake Frederick at the time of his death was the owner and in possession of the land, the allegations in this respect do not import that Henry Frederick was the owner thereof or had any interest therein at the time of his death.

The admission of those plaintiffs who were plaintiffs in the previous suit to sell the land that they were plaintiffs therein and the same was filed without their authority, or consent is insufficient to vacate the judg-the judgment rendered as to them. We find in the petition as amended as to those plaintiffs who do not admit they were parties to the old suit in which the land was sold, no sufficient allegation of ownership or interest in the land at the institution of the old suit, at the time, nor when this one was filed to authorize them to recover herein; nor is their relationship to Henry Frederick sufficiently alleged in the present action to entitle them to recover by or through descent from him.

In construing a pleading, inferences in favor of the pleader cannot be indulged in. It will be construed most strongly against the pleader, and in case of doubt, the same will be construed against him. See Annotation 15 Kentucky Digest, Pleading.

When these prevailing rules of pleading are applied, it is plain the court properly sustained the special and general demurrer to the petition as amended.

The judgment is affirmed.