# Shepherd et al. v. Moore et al.

March 1, 1940.

As Modified and Extended on Denial of Rehearing May 17, 1940.

King Swope, Judge.

H. H. Harned for appellant Shepherd.

Sam P. Strother and John Davis for appellant Preston.

George R. Hunt for appellees.

**182**

Opinion of the Court by Chief Justice Ratliff—Reversing.

On the 15th day of November, 1938, the appellees, Rebecca Nelson Moore, and her husband, Guy Moore, entered into a written contract with appellants, Nancy Mae Shepherd, and her husband, Carl Shepherd, whereby appellees agreed to sell and appellants agreed to purchase a certain tract of land in Fayette County, Kentucky. The agreed consideration was $3,000, $300 of said amount being in hand paid and the balance to be paid on or before the first day of March, 1939, at which time appellants were to execute and deliver to appellees a deed conveying to them the fee simple title to said land. In the meantime a question arose between the parties as to whether or not appellees were vested with or owned the fee simple title to said land and appellants refused to pay the balance of the purchase price and accept the deed as provided in the contract, whereupon appellees, as plaintiffs below, brought this action in the Fayette circuit court under the Declaratory Judgment Act (Civil Code of Practice, Section 639a—1 et seq.), seeking a judicial determination of the question of title, which depends upon the construction to be placed upon the will of John Vance who died in the year 1895, and the effect of certain transactions, litigation and events subsequent to the death of the testator. That will, so far as is pertinent, reads:

"I bequeath devise and give in equal undivided third parts—to my wife Nettie Vance—and our two children George and Katie Vance—the whole of my estate personal and mixed. With the right for my wife Nettie Vance to *ocupy* our homestead originally containing about 35 acres and field east of it known as *Madox* field—during her life time only—the undivided rest of my real estate not herein described—I give to my son George and his sister Katie Vance as long as either of them may live—with the remainder of the whole of my real estate—to the heirs of my son George and his sister Katie Vance forever.

"If my wife Nettie Vance—my son George—or his sister Katie Vance—should sell her or his interest in the land now devised her or his life estate in said land shall be forfeited—by her or him—and the

interest then sold—shall pass to the other two—or *ether* one of my heirs above named as the case may be.''

Nettie Vance, the widow of the testator, John Vance, renounced the provisions of the will and elected to take her dower interest under the statute. Proceedings for allotment of dower were had in the Fayette county court, and on January 18, 1896, a deed was executed, acknowledged and delivered by the commissioner of the Fayette county court conveying to Nettie Vance a parcel of the land as her dower. The conveying clause in the deed purported to convey the property to Nettie Vance during her natural life with remainder after her death to George and Katie Vance as provided in the will of the testator.

In October, 1903, after George Vance became of age, W. Bush Nelson (father of appellee Rebecca Nelson Moore) recovered a personal judgment against George Vance in the sum of $100 upon which execution issued and the sheriff of Fayette county levied same upon the interest of George Vance in the land allotted to his mother, Nettie Vance, as dower, which was sold in the manner required by law, and W. Bush Nelson became the successful bidder. In November, 1904, the sheriff of Fayette county executed and delivered a deed to Nelson for George Vance's one-half interest in that tract of land.

No further events developed affecting the title to the land until the latter part of the year 1914, at which time Nettie Vance died. Thereafter, on December 30, 1914, W. Bush Nelson filed a petition in equity in the Fayette circuit court styled ''W. Bush Nelson vs. Katherine Vance Morgan'' (Katie Vance, daughter of testator who later married W. B. Morgan) alleging that he and Katherine Vance Morgan each owned an undivided one-half interest in fee simple in the said dower tract of land and that no other persons owned any interest in same and prayed a partition of the dower tract. To this petition Katie Vance Morgan filed an answer and cross-petition denying the allegations of the petition and further set out the will of her father, John Vance, and further plead that on the 24th day of January, 1903, George Vance, her brother, attempted to and did place a mortgage upon his interest in the dower tract, which was con-

trary to the provisions of his father's will and that thereby he forfeited his interest in that tract of land and it thereupon reverted to her. She made certain other allegations, not here pertinent, and prayed that she be adjudged the owner of her brother George's interest in said tract of land. It is shown by the record that George Vance filed his answer to that action, but the answer does not appear in this record. In January 1916 the court entered judgment adjudging that W. Bush Nelson was the owner of the undivided interest in fee simple to that tract of land and commissioners were appointed to partition same, which was done, and the land here in controversy was allotted to Nelson and conveyed to him by deed of the master commissioner.

In the month of January, 1931, W. Bush Nelson died testate and by his will devised all his property to his widow, Elizabeth S. Nelson, in fee simple. On March 2, 1931, Elizabeth S. Nelson conveyed the land here in question to her daughter, Rebecca Nelson Moore, appellee herein, purporting to convey the fee simple title. George Vance and Katie Vance Morgan are now living but neither of them have had any children.

Upon the above record and state of facts the chancellor adjudged that appellee was vested with the fee simple title to the land and decreed that appellants accept the deed thereto and pay the contract purchase price therefor. Hence this appeal.

We find no ambiguity in the language of the will. Obviously the testator intended to and did devise a life estate to his wife, Nettie Vance, in the home place and Madox field and devised the rest of his property to his son and daughter, George and Katie Vance, for life— "with the remainder of the *whole* (our italics) of my real estate—to the heirs of my son George and his sister Katie Vance forever." We construe the quoted phrase to mean that after the expiration of the life estates devised to testator's wife and two children *all* remainders passed to the heirs of his said two children in fee simple. It results therefore that the heirs of the two children became vested with the remainder of the whole of testator's estate. This construction of the will is virtually conceded by appellees.

It is insisted, however, for appellee (1) that the renunciation of the will by Nettie Vance accelerated the

remainders provided for in the will and the remainders passed to George and Katie Vance in fee simple subject to the widow's right of dower; and (2) the judgment rendered by the Fayette circuit court on January 8, 1916, in the case of W. Bush Nelson v. Katie Vance Morgan et al. is res judicata and is conclusive of the question of title to the land in question.

In support of ground (1) the case of Ruh's Ex'rs et al. v. Ruh et al., 270 Ky. 792, 110 S. W. (2d) 1097, is cited. However, we do not construe that case to support appellee's contention. Under the fourth paragraph of Alfred Ruh's will he devised all of his estate to his widow for life and directed that at her death the executors should sell the same and divide the proceeds thereof into five parts, giving one-fifth to each of his four children and one-fifth to his grandson. The widow renounced the will. It was held in that case that when a widow is given a life estate, with remainder over, but renounces her husband's will, the remainders are accelerated and come into effect immediately upon the renunciation of the will just the same as if the widow had died; and that ordinarily the election of the widow to take against the will has the effect of accelerating any remainders limited to take effect after a life estate is given to her. It is thus seen that the renunciation of a will by a widow accelerates remainders *according to the will of the testator*. Applying that rule to the case at bar, it is seen that when Nettie Vance renounced the will the remainders provided for therein accelerated and vested according to the terms of the will, which, as noted above, were that after the termination of the two life estates all remainders vest immediately in the heirs of testator's two children in fee simple. We do not construe the Ruh case as authority for holding in the present case that the renunciation of the will by Nettie Vance had the effect of accelerating the remainders so as to invest George and Katie Vance with a fee simple title to the prejudice of their heirs, which, of course, would be contrary to the plain language of the will.

The children of testator are yet living and their heirs have not been or cannot be determined until after their death, and until such a time as when such heirs can be determined we are unable to see how the conduct of anyone could divest these undetermined heirs of their

remainder devised to them by the plain terms of the will. It follows, therefore, that the renunciation of the will by the widow did not have the effect of investing George and Katie Vance with the fee simple title to the remainder of testator's estate to the prejudice of their unborn issue, if any they should have. Compton v. Rixey's Ex'rs, 124 Va. 548, 98 S. E. 651, 5 A. L. R. 465; Miller v. Miller, 91 Kan. 1, 136 P. 953, L. R. A. 1915A, 671, Ann. Cas. 1917A, 918; In re Rogers' Trust Estate, 97 Md. 674, 55 A. 679, 680; Rose v. Rose, 126 Miss. 114, 88 So. 513. See, also, Annotations 5 A. L. R. 473; 17 A. L. R. 314; 62 A. L. R. 206.

(2) Our determination of ground (1) (acceleration) is conclusive of ground (2) (res judicata), since the judgment of the Fayette circuit court did not affect the rights of the unborn heirs of George and Katie Vance and could not be res judicata as to them. We need not further pursue that question.

It must be conceded, however, that the judgment of the Fayette circuit court plead and relied on is res judicata as to George and Katie Vance. They were before the court and the court having jurisdiction of the parties and subject matter and their rights having been determined, it is conclusive as to them of all interests they may own in the land in question. If George Vance should die without issue his interest in the land would vest in Katie Vance in fee simple, or if Katie should die without issue her interest would vest in George in fee simple. It follows, therefore, that George and Katie Vance are unable to convey to appellants the absolute fee simple title to the land according to the terms of their contract with appellants. The most they can convey is a defeasible fee subject to be defeated upon issue being born to George or Katie Vance, and since the law presumes that a person may have children so long as he lives, that question cannot be determined until after the death of George and Katie Vance, and if they both die without issue, their grantees would become vested with the fee. These conclusions make it unnecessary to pass upon the question of forfeiture provided in the will of the testator.

Wherefore, the judgment is reversed and remanded for proceedings consistent with this opinion.