## Good Samaritan Hospital et al. v. First Presbyterian Church et al.

May 9, 1941.

Wilson & Harbison for First Presbyterian Church.

Allen, Duncan & Duncan for Security Trust Co.

Frank S. Ginocchio and Rufus Lisle for Old Ladies Home of Lexington.

Appellees Hattie Searles and Elsie Stivers not represented.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming:

Miss Sarah C. Wallace died testate in 1921, and this action involves the construction of her will, the pertinent part of which reads:

"I leave to my great niece Elizabeth Searles Spanton Five Thousand dollars (5000) to be held in trust for her by my niece Mattie Searles Scott free from any husband that she has or may have, this sum for her sole uses. The income to be paid to her Elizabeth Searles Spanton and such of the principal to be used for her as required by illness or for any unusual expense that in the judgment of *of* my niece Mattie Searles Scott is required or necessary. *I* (if) my great niece Elizabeth Searles Spanton should die without heirs of the body (Descendants) I wish the five Thousand dollars (5000) to go to my niece Mattie Searles Scott."

Mrs. Scott died in 1926 leaving a will devising one-fourth of the $5,000 bequest mentioned in the will of Miss Wallace to the First Presbyterian Church of Lexington; one-fourth to the Old Ladies' Home of Lexington; and the remaining one-half thereof to Elizabeth Searles Spanton.

Mrs. Spanton died without issue in 1931, leaving a will devising this entire $5,000 trust fund to the Good Samaritan Hospital of Lexington. The Security Trust Company qualified as trustee under each of the three wills and brought this action to construe the will of Miss Wallace and to obtain the advice of the court as to the disposition to be made of this $5,000.

The chancellor adjudged the estate of Mrs. Spanton in the $5,000 trust fund was subject to be defeated by her death without issue of her body, and as she died without issue it was defeated and terminated at her death. He further adjudged that upon the death of Mrs. Spanton without issue, the contingent executory devise in fee to Mrs. Scott became absolute and the trust fund passed to her in fee simple and became subject to the terms of her will. The hospital received only one-half of the trust fund under this construction, to-wit; the one-half Mrs. Scott devised to Mrs. Spanton, which Mrs. Spanton in turn devised to the hospital, and it is appealing.

The hospital claims the entire $5,000 under the will of Mrs. Spanton. It contends that under the will of

Miss Wallace the devise to Mrs. Scott was a devise over, contingent upon Mrs. Spanton dying without issue during the life of Mrs. Scott; that upon the death of Mrs. Scott, which occurred prior to that of Mrs. Spanton, the estate of Mrs. Spanton in the trust fund, regardless of whether or not she had issue, became absolute and indefeasible, and same should be distributed under the will of Mrs. Spanton.

The appellees, First Presbyterian Church and the Old Ladies' Home, contend that under the will of Miss Wallace that Mrs. Scott took the absolute fee-simple title in the trust fund in the event Mrs. Spanton died at any time without issue; that as Mrs. Spanton never had any children, the fund should be distributed under Mrs. Scott's will whereby one-fourth of the fund went to the church, one-fourth to the home, and the remaining one-half went to Mrs. Spanton, which under the will of Mrs. Spanton was devised to the hospital.

Appellant puts much faith in Roy v. West, 194 Ky. 96, 238 S. W. 167, but we cannot see its applicability. Under the will in that case if Emma R. Cosby died without issue, the devise to her was to be held upon the same terms for the children of Lilly Roy until her youngest child became 21 or married, whereupon the devise would be divided among her children as it would descend under the laws of the State of Kentucky. This was a double contingency, (a) defeasance through the death of Emma without issue, (b) any child of Lilly's would have to survive Emma in order to take "as it would descend under the laws of Kentucky." Naturally, it was there held that a child of Lilly who predeceased Emma did not take under the will. But in the will of Miss Wallace now before us, there is no condition that Mrs. Scott should survive Mrs. Spanton in order to take the trust fund, but she took the same on the sole contingency that Mrs. Spanton died without issue.

It is further argued by appellant that Clay v. Clay, 199 Ky. 4, 250 S. W. 829, sustains its position. But a careful reading of the Clay case shows we held that a defeasible devise to a brother with an executory devise to his sister in the event he died without issue, gave the second taker such an interest as to be conveyable during her brother's life. Appellant argues that for the sister in the Clay case to have taken the executory devise it

was necessary for her to have survived her brother. This is correct. There was a double contingency in the Clay case, (a) that the brother die without issue, (b) that the sister survive him. But as we just pointed out above in discussing Roy v. West, there is only a single contingency in the will of Miss Wallace upon which Mrs. Scott would take the trust fund, which is that Mrs. Spanton die without issue.

It is urged for the appellant, hospital, that Mrs. Spanton took a defeasible fee (the defeasance being death without issue) and upon her death without issue the defeasible fee ipso facto enlarged into the absolute fee, citing Shepherd v. Moore, 283 Ky. 181, 140 S. W. (2d) 810. Such argument is wholly unsound and is not supported by the Shepherd case. If this fund had been devised to Mrs. Spanton, upon the contingency that if she had issue it would go to such issue at her death, then she would have taken a defeasible fee in which the defeasance would have been issue, and as that contingency could not have been determined until her death, she would have taken a defeasible fee in the fund which would have become absolute upon her death without issue. The Shepherd case held that George and his sister Katie Vance took a defeasible fee subject to be defeated upon issue being born to either of them, therefore all the interest they could convey in the land was a defeasible fee which would be defeated in the event issue was born to either, which fact could not be determined in law until their death.

McWilliams v. Havely, 214 Ky. 320, 283 S. W. 103, appears to be conclusive of the question now before us. There, Ethel Sea Carr (Havely) and Corrine Boone were each devised a one-half interest in certain property on the condition that in the event either died without issue, her interest in the property went to the other. In an elaborate opinion this court went thoroughly into the question of what estate each devisee took in the farm devised, and held each took a defeasible fee in the respective half devised her and an executory devise in the half of the other should the other die without issue. It was pointed out that the future interest given the second taker was not a remainder, but an executory devise. In discussing an executory devise, we there quoted from 11 R. C. L. 471, Section 9:

"A common contingency on which an estate in fee

is thus to be defeasible and the estate is to go to another is the failure of issue of the first taker, and an executory limitation of this nature is valid where it contemplates the failure of issue during the life of the first taker and not an indefinite failure of issue."

If an indefinite failure of issue were contemplated, there would be a violation of the rule against perpetuities.

In Atkinson v. Kern, 210 Ky. 824, 276 S. W. 977, 979, testator devised his estate to his two children, a son and a daughter, with the condition that if the daughter died without heirs (which we have construed as meaning without issue), her portion of the estate should go to her brother. The brother, leaving two children, predeceased his sister and the action was brought during the sister's life to determine what estate she took under the will of her father. We decided it was a defeasible fee (the defeasance being her death at any time without issue), with an executory devise to her brother. It was there held that as the brother had predeceased her, the estate would descend in fee to his children in the event the sister died at any time without issue. It is plain to be seen that if the brother took such an estate in the property devised to his sister, in event she died without issue, that same descended to his children under the law of descent and distribution in the event he died before his sister, he could have disposed of the defeasible fee by will during his sister's life. In the case at bar Mrs. Scott disposed of her defeasible fee in the trust fund by will during the life of Mrs. Spanton. In the Atkinson case we applied the fourth rule set out in Harvey v. Bell, 118 Ky. 512, 81 S. W. 671, 26 Ky. Law Rep. 381, saying:

> "The correct rule is, that where an estate is given or conveyed directly to the devisee, without any intervening particular estate, and without anything in the instrument indicating a contrary purpose, limiting words such as we have in this case [death without issue] have reference to the death of the taker at any time * * * there being nothing in the will indicating a contrary purpose on the part of the testator."

The whole will of Miss Wallace evidences a purpose on her part not to leave the property in the control of

Mrs. Spanton. First, Mrs. Spanton is given only the income with so much of the principal as may be necessary in an emergency, if in the judgment of Mrs. Scott it is necessary to use part of the principal. Second, in the event of Mrs. Spanton's death without heirs of her body, the trust fund goes to Mrs. Scott. The residuary clause in the will reads:

> "I (if) after these bequests have been paid there should be any money remaining I wish it to be held in trust by (my) niece Mattie Searles Scott for my great-niece Elizabeth Searles Spanton under the same conditions as the aforesaid (5000) at her death namely Elizabeth Searles Spanton this sum to go to my niece Mattie Searles Scott."

Thus, we have testatrix disposing of the residue of her estate just as she disposed of the $5,000 trust fund, and she does not express or intimate in this clause that Mrs. Scott must survive Mrs. Spanton in order to take the property in absence of issue from the body of Mrs. Spanton. Certainly, if it had been the intention of the testatrix that Mrs. Scott should survive Mrs. Spanton as a condition to taking the trust fund in the absence of issue to Mrs. Spanton, she would have expressed such an intention either in the clause devising the $5,000 trust fund or else in the residuary clause.

The will of Miss Wallace gave Mrs. Spanton a defeasible fee and made an executory devise to Mrs. Scott, which also was a defeasible fee. Thus, Mrs. Scott took a vested interest in the trust fund subject to be defeated and this was such an interest as she could dispose of by will. There was no intervening estate between the devise of the defeasible fee to Mrs. Spanton and the executory devise to Mrs. Scott. The absolute vesting of the trust fund in the executory devisee was dependent upon a single contingency, to-wit; the death of Mrs. Spanton at anytime without issue. Its vesting was not contingent upon Mrs. Scott surviving Mrs. Spanton. As the chancellor so held, the judgment is affirmed.