## Interstate Bond Co. et al. v. Kiser et al.

November 23 1948.

Grover C. Thompson and Grover C. Thompson, Jr., for appellants.

Tom G. Mooney and Frank L. McCarthy for appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Affirming.

Appellants are the Interstate Bond Company and the Board of Trustees of Immanuel Baptist Church; appellees are the trustees of and the children of John J. Mooney, Sr., his wife Ethel, and Olie Masner who has contracted to convey certain real estate to the church. The proceedings took the form of action seeking declaratory judgment; there is no dispute as to facts.

In November 1928 Mooney and wife conveyed to W. F. Klair a house and lot in Lexington, in trust for the wife during her life with remainder to "the issue born of Ethel Mooney as a result of her marriage with the party of the first part, and if she does not leave surviving her such issue, the property shall revert to John J. Mooney," with power to sell for "purposes of reinvestment," the purchaser not being required to look to the application of the sale money. Klair held the property

under the deed until May 26, 1933, when he resigned and Kiser was appointed trustee, the court directing Klair to convey to Kiser; this was done, the deed reciting that the property was to be held by Kiser under the terms and conditions of. the Klair deed. In May 1933 Ethel Mooney, then a single woman (divorced) conveyed to Kiser as trustee for the three infant children, Elizabeth, Patricia and ·John Jr. all her right, title and interest, to hold for them until "all have attained their majority."

It is stipulated that John Sr. and his wife were divorced in 1932, and each has remarried "but not to each other." At the time of this suit all three children are over twenty-one years of age; all married except John J. Mooney, Jr., and no other children had been born to the elder Mooneys. It is shown that prior to July 1941, various suits were instituted to sell the property in order to foreclose liens; that the property was ordered sold, and the commissioner directed to pay all liens and "to hold the balance of the proceeds pending further action of the court." At the sale on July 7, 1941, Nellie Kincaid was the successful bidder but assigned her bid to Olie Masner, and the commissioner conveyed to her. ·It was agreed that after paying debts and costs there remained $2290.13.

In ʻAugust 1947 Miss Masner contracted with the Immanuel Baptist Church to convey the property to the Trustees, and in May 1948 she tendered a general warranty deed, but the trustees declined to accept because of reasons set up in their pleading and stated below.

The three Mooney children plead that they were each over twenty-one years of age; that there was in the hands of the commissioner the sum of $2290.13 to which they were entitled, being the only persons having any interest in the proceeds. They assert that no other children have been born of the marriage of John Sr. and Ethel Mooney as a result of "that marriage." They ask that the trust be adjudged terminated and the proceeds distributed among the three; their answer ratifies the decretal sale of 1941, as do the elder Mooneys.

The Church Trustees filed a pleading in which they questioned the rights of the Mooney children to have the balance of the proceeds of sale, and by way of cross-

petition point out that under the trust deed in case of the prior death of Ethel Mooney leaving no issue, the property should revert to John J. Sr., and that the deed provided for reinvestment in case of sale. They say that "it is not certain at this time whether or not upon the death of Ethel Mooney she may or may not be survived by any issue born to her as the result of the marriage with John J. Mooney, Sr. or whether or not other issue may or may not be born to them, or whether in the event the property might revert to John J. Sr. he will be survived by children other than the three living children."

On these grounds they express a doubt as to whether Olie Masner has good title under her deed, and whether the commissioner may now distribute the proceeds of the sale. Miss Masner filed reply denying the conclusion set up in the Church pleading, and plead that the trust terminated when the three children reached their majorities, hence no necessity for reinvestment.

There was no appeal from the decretal judgment directing sale for the purpose of discharging liens. On submission on the stipulations, exhibits and pleadings, the chancellor adjudged that Miss Masner took good title under the decretal sale, correctly holding that any unborn children of the elder Mooneys were then before the court, as they were in the instant case, by virtual representation, citing Masonic Widows' Orphans' Home v. Hieatt Brothers, 197 Ky. 301, 247 S. W. 34, 35.

The chancellor on the claim of the Mooney children, each of whom had attained majority, held that the trust terminated on December 25, 1947, when John Jr., the youngest of the three children became of age. The Church is the real appellant here. The Interstate Bond Company has no interest; it appears from the record this company was a party plaintiff in the action under which the property was sold. It seems clear that the judgment in the sale suit divested the elder Mooneys of any interest except as to the residue of the proceeds of sale. In their answer, treated as a cross-petition against the trustees of the Church, John J. Sr. and his present wife and Ethel and her present husband do not assert any claim to any part of the residue of proceeds of sale. On the other hand they, with other answering defendants, allege that no other children than the three named

have been born to them "as a result of their marriage," and that the three children are the only persons entitled to the residue and proceeds, and ask that since the children have reached majorities, the trust should be terminated.

It is contended by appellant that there is yet a possibility of children being born to John J. and Ethel Mooney as a result of their "remarriage," citing Shepherd v. Moore, 283 Ky. 181, 140 S. W. 2d 810, 813, which states that the law "presumes that a person may have children so long as he live." Assuming this to be a correct statement of the law, the possibility here is remote. For such to become a reality would be to assume that the two parties to the original trust deed would by reason of death or divorce, become widow and widower, and then remarry each other, and have children. However this may be, we are of the opinion that such children as might be born to the parties as a result of remarriage were before the court under the doctrine of virtual representation, as above indicated.

Furthermore, it appears from the pleadings of the original title-holders, they have ratified the decretal sale and waived any right to participate in the residue of proceeds of sale. We are of the opinion that the chancellor correctly adjudged good title in Miss Masner, and that the proceeds may be distributed as adjudged.

Judgment affirmed.