## OWINGS v. OWINGS et al.

Court of Appeals of Kentucky.
March 14, 1952.

Lewis A. White, Mt. Sterling, for appellant.

Henry H. Bramblet, Mt. Sterling, for appellees.

MORRIS, Commissioner.

Appeal from a judgment requiring appellant, defendant below, to perform her contract of purchase of 51.6 acres of land for a cash consideration of $10,000. A general warranty deed tendered to appellant was rejected because of her belief that appellees could not convey fee simple title.

The chancellor upon submission on pleadings held otherwise, and directed performance.

The pleadings disclose the following facts and conclusions: Julia Owings died testate in 1916. In her will she made devises of certain real estate, and in a third clause devised the remainder to her children, Hattie, Bettie, Reese, Joshua, Mary White and Jack: "For and during their natural lives, and at their deaths to their children, equally; should any of my children die without leaving a child, or children, issues of their bodies, surviving them, then his or her portion of said real estate is to go to my surviving children, to be held by them in the manner stated."

At the death of testatrix all the devisees were childless, and because of this fact it is alleged that the devisees' interest or title was a defeasible fee, citing Slack v. Downing, 233 Ky. 554, 26 S.W.2d 497, and Wilson v. Trabue, 254 Ky. 661, 72 S.W.2d 57. It is alleged that the last two above named devisees have died since the death of testatrix, leaving no children. One of the daughters is unmarried, the other a widow, having borne no child, both past seventy years of age. One brother, Reese, is seventy-one, a widower, with no offspring. Joshua, the husband of appellant, is sixty-seven; he had been married prior to his marriage with appellant, but had sired no child. Appellant is fifty-four years of age, the mother of two children by a former husband. No child had been born as a result of the present marriage, but the record does not disclose how long the two had been married. The record shows that in a court proceeding, presumably a partition suit, the then living devisees by commissioner's deed, conveyed their respective interests to Joshua, subject, however, to the provisions of the will.

The only question we are called upon to decide is presented by the allegations of the petition to the effect that "because of physical infirmities and physiological deficiencies" the devisees respectively are "incapable of siring or bearing children."

Appellant's answer admitted all the historical facts alleged and agreed with appellees' conclusion that possibility of issue is extinct, but denied the allegation that the tendered deed conveyed fee simple title. Appellees contend that since it is admitted that there is no possibility of issue, the tendered deed conveys good title. Parties agree that the legal presumption is that as long as there is life there is possibility of issue, but take the position that their conclusions rebut the presumption. On this point briefs do not supply us with supporting authority.

■ Citations of a few of our opinions will show that we have strictly applied the rule of law, property and evidence to the effect that there is a legal presumption that as long as there is life there is possibility of issue. Going back for only about forty years, we find the rule stated in May v. Bank of Hardinsburg & Trust Company, 1912, 150 Ky. 136, 150 S.W. 12, 48 L.R.A., N.S., 865, followed in Rand v. Smith, 153 Ky. 516, 155 S.W. 1134. By reference to Kentucky Digest, Vol. 8, Evidence, ☞58, it will be found that five or six cases are noted holding to the rule. We later reaffirmed these in Renaker v. Tanner, 260 Ky. 281, 83 S.W.2d 54; Shepherd v. Moore, 283 Ky. 181, 140 S.W.2d 810; Letcher's Trustee v. Letcher, 302 Ky. 448, 194 S.W. 2d 984. In the May and Rand cases, and others following them, our question was squarely presented and decided in the negative.

■ It might be added that this is the generally accepted rule in other jurisdictions in this country with respect to matters pertaining to the distribution of property, the rule against perpetuities, and the termination of trusts. Commissioner of Corporations and Taxation v. Bullard, 313 Mass. 72, 46 N.E.2d 557, 146 A.L.R. 794. It is true that there has been a tendency in recent years in certain types of cases, particularly tax cases, to hold that the presumption of possibility of issue to a woman, regardless of age or physical condition, is subject to rebuttal. 146 A.L.R. 804. But we have found no case where the rule has been relaxed as to a man. In this case Reese Owings is seventy-one and Joshua is sixty-seven. Even if it should be conceded

that the presumption of the possibility of issue to Bettie and Hattie is rebuttable, it certainly cannot be said with any degree of certainty that Reese and Joshua will not beget issue. The mere fact they have not sired children in the past raises no presumption they will not do so in the future.

■■ While we do ·not doubt the good faith of the parties in their beliefs and expressions of lay opinions, we cannot close our eyes to our former rulings. Should we affirm the judgment our holding would establish a dangerous and far-reaching precedent, and might expose to loss appellant's proposed investment. It follows that we are compelled to reverse the judgment, and it is so ordered.